## 33492. McMULLAN v. THE KROGER COMPANY.

DECIDED MAY 25, 1951. REHEARING DENIED JUNE 9, 1951.

*Northcutt & Edwards*, for plaintiff.

*T. Elton Drake, John M. Williams*, for defendant.

SUTTON, C. J. J. J. McMullan filed his petition against The Kroger Company seeking to recover damages for personal injuries sustained by reason of the defendant's negligence. The petition was twice amended, and the defendant filed and renewed a general demurrer thereto. The trial judge sustained the demurrer, and the plaintiff excepts to that judgment.

The facts set out in the petition are, in substance, as follows: The defendant maintains a grocery store on the west side of Church Street in East Point, Georgia, and had conducted business with the public there for over a year prior to the date when the plaintiff was injured. The defendant maintains a parking lot next to the store and on the same side of the street. A sign on the side of the building facing the parking lot reads, "Kroger Customers Free Parking." A sidewalk separates the store and parking lot from Church Street, and the parking lot and sidewalk are on the same level. Along the

base of the wall of the store building which faces the parking lot, there is an elevated platform, 2½ feet wide, and extending the length of the building. The height of this platform above the surface of the parking lot is not alleged. In the corner of the lot formed by this platform and the sidewalk along Church Street, there is a triangular concrete bar. This bar extends along the sidewalk from the 2½ foot platform for a distance of 5 feet. The bar is 3½ inches high at the platform, and rises to a height of 6 inches at its other end. It had been placed there several months before the plaintiff was injured. The bar, the platform, the parking lot and the sidewalk were all made of cement, having a uniform color and appearance. At 5:45 p. m. on March 17, 1950, the plaintiff went to the store to purchase groceries. He parked his automobile in the second parking space from the concrete bar, next to an automobile which occupied the first space, nearest the concrete bar. Both cars were headed toward the store building. The plaintiff went into the store; he never saw the bar, and his view of it when he entered the store was obstructed by the automobile parked between his car and the concrete bar. This car was moved away while the plaintiff was in the store. The plaintiff purchased groceries, which the defendant's employees placed in large paper sacks and handed to the plaintiff. He proceeded out the front door, his arms filled with the sacks which he was taking to his automobile. As the plaintiff left the store carrying his groceries, it is alleged that he did not see the concrete bar between him and the parking lot, and could not have seen it by the exercise of ordinary care, but his foot contacted it. He stumbled over the bar, was thrown onto the concrete surface, and sustained a fractured hip and other injuries. The plaintiff had not been warned by the defendant of the existence and location of the bar, and as he turned toward his automobile, he could see the elevation, color and appearance of the sidewalk and parking lot beyond the bar, "but he could not by the use of ordinary care while carrying large sacks of groceries see the concrete bar which was immediately next to him." There was no guardrail or other protective device of any kind to warn the plaintiff of the location of the bar. The store and parking lot were arranged so as to make the lot appear to be

of easy access from the store. The arrangement of the premises and the location of the bar without a guardrail or protective device of any kind, in a position where customers laden with groceries would normally cross it to go to and from the store to their parked automobiles, constituted a deceptive trap which caused the plaintiff to stumble and fall on the bar.

The plaintiff charged the defendant with negligence (a) in failing to use ordinary care to avoid injuring the plaintiff; (b) in failing to provide the plaintiff with a safe approach from the store to the adjacent parking lot after having invited the plaintiff to use the lot; (c) in maintaining between its front door and its parking lot an unprotected concrete bar extending into what appeared to be an unobstructed parking area; (d) in failing to have a guardrail or other protective device to give warning of the existence and location of the concrete bar; and (e) in maintaining a trap upon the premises where the public had been invited, considering the nature, arrangement, and common use thereof.

"Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." Code, § 105-401. Do the allegations of the petition demurred to show that the defendant has breached its duty of using ordinary care in keeping its premises and the approaches thereto safe? We think not. The defendant storekeeper is not an insurer of the safety of its customers, the duty imposed upon it under the law being to exercise ordinary care in keeping the premises and approaches safe.

The structure over which the plaintiff stumbled was not a defective structure; for it is not alleged that there were any holes, rough places or other defects rendering it dangerous. Although the petition describes the concrete bar as dangerous, from the facts alleged it is not the sort of structure which would cause a prudent person reasonably to anticipate danger from its existence. The structure or elevation is referred to in the petition as a "bar." It was placed next to the sidewalk, and its purpose may have been to prevent (or bar) the defendant's

customers from parking their automobiles on the sidewalk. The allegation that the structure constituted a dangerous condition and a deceptive trap is controverted by the actual facts pleaded. The structure was not a slight or inconspicuous one, as in the cases of *McCrory Stores Corp.* v. *Ahern,* 65 *Ga. App.* 334 (15 S. E. 2d, 797); *Lane Drug Stores* v. *Brooks,* 70 *Ga. App.* 878 (29 S. E. 2d, 716); *Robertson* v. *Liggett Drug Co. Inc.,* 81 *Ga. App.* 850 (60 S. E. 2d 268); *Wynne* v. *Southern Bell Tel. Co.,* 159 *Ga.* 623 (126 S. E. 388). The concrete bar was alleged to be from 3½ inches to 6 inches high and 5 feet long, and it is reasonable to conclude that it could easily have been seen by anyone with normal vision while walking there and exercising ordinary care for his own safety. The bar was at least as conspicuous as the three-inch pile of planks in the case of *National Bellas-Hess Co.* v. *Patrick,* 49 *Ga. App.* 280 (175 S. E. 255), where it was held that a verdict for the defendant was demanded. Also see *Executive Committee* v. *Wardlaw,* 180 *Ga.* 148 (178 S. E. 55), and *Vaissiere* v. *J. B. Pound Hotel Co.,* 184 *Ga.* 72 (190 S. E. 354).

Whether the structure was dangerous depends largely on whether the structure was such as would not necessarily be seen by the plaintiff in the exercise of ordinary care. The structure was on the surface, not hidden, and could easily have been seen by the plaintiff had he been exercising ordinary care in observing where he was walking. *City of Macon* v. *Stevens,* 42 *Ga. App.* 419 (156 S. E. 718); *National Bellas-Hess Co.* v. *Patrick,* 49 *Ga. App.* 280 (supra).

Under the law, the defendant is not bound to anticipate that its customers would so disregard their own safety as to obstruct their vision with packages or sacks so as to be unable to see where they were walking. If, as indicated by the allegations of the petition, the plaintiff were holding the sacks so that he could not see his intended path a reasonable distance ahead, consistent with due regard for his own safety, then he himself was the author of and responsible for his injury, instead of the defendant which maintained the concrete bar at the edge of its parking lot.

It is well settled law that questions of negligence, proximate cause, and failure to exercise ordinary care to avoid the conse-

quences of another's negligence are questions of fact which are ordinarily for determination by a jury, but in plain and indisputable cases, the court may determine them as a matter of law. The only reasonable inference from the allegations of the petition is that the structure was such as could have been seen by the plaintiff in the exercise of ordinary care, and that the alleged injury was the result of the failure on the part of the plaintiff to exercise such degree of care for his own safety.

The petition failed to set out a cause of action, and the trial judge did not err in sustaining the general demurrer thereto and dismissing the action.

*Judgment affirmed. Felton and Worrill, JJ., concur.*