35974. ATLANTA ENTERPRISES, INC. *v.* DOUGLASS,
by Next Friend.

DECIDED JANUARY 25, 1956.

238

Powell, Goldstein, Frazer & Murphy, C. B. Rogers, James K. Rankin, for plaintiff in error.

Arnold & Gambrell, John E. Dougherty, contra.

FELTON, C. J. The plaintiff in error concedes that due to the tender age of the plaintiff the question of contributory negligence is not presented. The sole questions for determination are as succinctly stated in plaintiff in error's brief: "Does the petition allege that the scale in its alleged position, etc., was dangerous in that it would probably and 'according to ordinary and usual experience' cause injury to an invitee? Does the petition allege that the defendant should reasonably have apprehended that the scale in its alleged position, etc., was dangerous in that it would probably and 'according to ordinary and usual experience' cause injury to an invitee?" The plaintiff in error contends that the petition does not show such facts.

In order to reverse the trial court's judgment we must find the petition shows that as a matter of law the defendant could not have reasonably anticipated that someone might be injured due to the described conditions. We think from the facts alleged as to the position of the scale in relation to the display windows and cases, the light and shadow conditions and the general nature and use of the particular premises, it is a question for a jury's determination as to whether the defendant was negligent. This is not a clear and indisputable case that can be resolved as a matter

of law. For cases concerning the physical and lighting conditions of premises, see: *Tybee Amusement Co.* v. *Odum,* 51 *Ga. App.* 1 (179 S. E. 415); *Hanson* v. *Atlanta Lodge No. 78 B. P. O. Elks,* 88 *Ga. App.* 116 (76 S. E. 2d 77); *Pilgreen* v. *Hanson,* 89 *Ga. App.* 703 (81 S. E. 2d 18).

The court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*