### 19590. BLOODWORTH *v.* GAY.

HAWKINS, Justice. On August 28, 1956, L. C. Gay, a sharecropper, filed a petition in Thomas Superior Court against his landlord, Roy Bloodworth, to recover a one-half undivided interest in an automobile Thomasville Tobacco Warehouses, Inc., together with the Chamber of Commerce of Thomasville and the Retail Merchants Association of Thomasville, had proposed to give to some person who sold tobacco through said warehouse, and which automobile had been delivered to Bloodworth upon his having surrendered ticket 435,857, which was one of a number of tickets "plaintiff and defendant had received" by reason of their having sold tobacco through said warehouse. The petition alleges that, when plaintiff and defendant were making settlement between themselves on the

sales of the tobacco crop, defendant proposed that all of the tickets for the automobile be held by him and, if the automobile was given to him on any of said tickets, he and plaintiff would sell the automobile and divide the sale price one-half to each; but that defendant had refused to make any settlement with plaintiff, and now claims said automobile for himself and has converted it to his own use. By amendment plaintiff sought the appointment of a receiver. Defendant filed demurrers to the petition on the grounds: (1) that it set forth no cause of action, and (2) that plaintiff's claim is based on a gift enterprise in the nature of a lottery, which is contrary to public policy, and is therefore void and unenforceable. The demurrers were overruled, and, after a hearing, a receiver was appointed, and to these judgments the defendant excepts. *Held:*

1. The plaintiff alleges in his petition that "Thomasville Tobacco Warehouses, Inc., together with the Chamber of Commerce of Thomasville and the Retail Merchants Association of Thomasville, proposed to give one automobile to some person who sold tobacco through said warehouse, [and] In order to determine the person who would receive said automobile, said warehouse gave numbered tickets to the sellers in proportion to the sale price, [and that] The automobile was to be given by drawing numbers from a box and the holder of the ticket with the same number as drawn was to receive the automobile." Taking the allegations of the petition to be true, as we must on demurrer, "this was a gift-enterprise scheme, and contrary to public policy." *Standridge* v. *Williford-Burns-Rice Co.,* 148 *Ga.* 283 (96 S. E. 498). See also Code § 26-6501; *Equitable Loan & Security Co.* v. *Waring,* 117 *Ga.* 599 (14) (44 S. E. 320, 62 L. R. A. 93, 97 Am. St. R. 177); *Barker* v. *State,* 56 *Ga. App.* 705 (193 S. E. 605).

2. The contract here alleged between the cropper and the landlord having been entered into during the pendency, in futherance of and with respect to the subject matter of a "gift-enterprise scheme" or lottery, which is contrary to public policy, a court of equity will not lend its aid to the enforcement thereof. *Hanley* v. *Savannah Bank &c. Co.,* 208 *Ga.* 585, 587 (68 S. E. 2d 581); *Glosser* v. *Powers,* 209 *Ga.* 149 (71 S. E. 2d 230).

3. The trial judge erred in overruling the demurrers, and all further proceedings were nugatory.

*Judgment reversed. All the Justices concur.*

SUBMITTED JANUARY 15, 1957—DECIDED FEBRUARY 12, 1957.

*C. E. Hay, A. J. Whitehurst,* for plaintiff in error.
*Jesse J. Gainey, James T. Gainey,* contra.