38281.   ELY, by Next Friend v. BARBIZON TOWERS, INC..

DECIDED JUNE 21, 1960.

*Huie, Etheridge & Harland, W. Stell Huie,* for plaintiff in error.
*Smith, Field, Ringel, Martin & Carr, Palmer H. Ansley,* contra.

FELTON, Chief Judge. It seems to us that the petition is susceptible to two constructions. One is that the part of the 4 x 4 timber which was underneath the left front of Sarno's automobile could not be seen by one after he turned to the right in front of Sarno's automobile because of the grill of the automobile. It is difficult to understand how the 4 x 4 could have been stumbled over if it was covered by the automobile grill to the extent that it could not be seen by one going around the left front of the automobile and turning to the right. The other construction is that the 4 x 4 could not be seen until one approaching the front of the automobile reached the end of the grill. Under the first construction obviously no cause of action is set forth. We also think that no cause of action is set forth under the second construction. There is no allegation that unattended children of tender years were accustomed to pass through the parking place where the Sarno automobile was parked and the defendant could rely on the fact that persons of ordinary prudence would look upon the area for just what it was, primarily a lay-out constructed for the benefit of tenants of the adjoining apartment house, and to take for granted that others using the parking place for entrance into the apartment building would be fully cognizant of the physical facts before them. Under the facts alleged, the distance between each two of the 4 x 4's is approximately 24 inches so no 4 x 4 extended into this 24-inch passageway. The gist of the petition is that since the 4 x 4 in the Sarno parking place could not be seen until one turned to the right of the left-hand side of the Sarno car the effect was that the 4 x 4 extended into the pathway of the plaintiff, which was increased, so to speak, by the 4 x 4 in front of the left part of the grill. There can be no doubt as to the utility of the act of the defendant in placing the 4 x 4's so as to protect the wall from gradual or sudden contact with

the bumpers of automobiles. The 4 x 4's could have been placed in a solid line with no room for passage without stepping over them. We do not think such a plan would have amounted to negligence. The defendant elected to leave a 24 inch space between the ends of two 2 x 4's for passageways. It seems to us that the latter arrangement represents a higher degree of care than the solid line of 4 x 4's would have shown. A person's stumbling over a 4 x 4, it seems to us, would have been infinitely more likely than stumbling over the end of one by a person blindly going around the car as in this case. "Where an act is one which a reasonable man would recognize as involving a risk of harm to another, the risk is unreasonable and the act is negligent if the risk is of such magnitude as to outweigh what the law regards as the utility of the act or of the particular manner in which it was done." Restatement, Law of Torts, § 291, p. 785. In this case the utility outweighs the risk. "A negligent act may be one which . . . (b) creates a situation which involves an unreasonable risk to another because of the expectable action of the other, a third person, an animal or a force of nature." Restatement, Law of Torts, § 302 (b), p. 814. The Restatement gives as an illustration at page 820 in substance: Parking a motor vehicle in a business district without locking the ignition is not negligence. Parking one in such condition in front of a public school just before recess is negligence. In this case it seems to us that one taking the route the plaintiff took could have been expected (by the defendant) to see the 4 x 4 in the parking spaces to the left of the automobile on the plaintiff's left, if there was one, and to realize that there was a 4 x 4 similarly placed in front of the Sarno car. Assuming that there was no parking place to the plaintiff's left, there is no allegation that one could not see some part or all of some of the 4 x 4's. Negligence is bottomed on the anticipation of unreasonable risk which outweighs the utility of the defendant's conduct. Here, if there was an unreasonable risk for the ordinarily prudent, it was one not to be anticipated but only apparent from looking back "with wisdom born of the event." Green v. Sibley, Lindsay & Curr Co., 257 N. Y. 190 (177 N. E. 416); *Misenhamer v. Pharr*, 99

Ga. App. 163, 168 (107 S. E. 2d 875). The facts alleged exclude the idea that an optical illusion caused the injuries, but even if one did it would be even more remote and unforeseeable than the danger without the illusion. We have carefully considered the cases cited by the plaintiff in error and they are all distinguishable from this case. Some of them are: *Miller v. Bart,* 90 Ga. App. 755 (84 S. E. 2d 127); *King Hardware Co. v. Teplis,* 91 Ga. App. 13 (84 S. E. 2d 686); *Atlanta Enterprises v. Douglass,* 93 Ga. App. 237 (91 S. E. 2d 296); *Kitchens v. Davis,* 96 Ga. App. 30 (99 S. E. 2d 266).

The court did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. Nichols and Bell, JJ., concur.*