38635. BONNER v. BARNES *et al.*

Decided February 21, 1961—Rehearing denied March 16, 1961.

*Frank P. Lappas, Sidney I. Rose,* for plaintiff in error.
*Edward E. Dorsey, C. James Jessee, Jr.,* contra.

Felton, Chief Judge. It does not seem to us that the maintenance of an air-conditioning unit which extends approximately two feet from the side of a building, even at head level, constitutes negligence on the part of the defendant. The presence of such equipment on the side of the building can easily be anticipated and thus distinguishes this case from the "public thoroughfare" cases relied on by the plaintiff. "Where a petition does not show the risk of unreasonable danger and does not show that the defendant could reasonably have foreseen danger to an invitee on his property, the trial court did

not err in sustaining the general demurrer." *McHugh v. Trust Co. of Ga.*, 102 Ga. App. 412 (116 S. E. 2d 512). The utility of the defendants' act in placing an air conditioner in the premises for the comfort of customers far outweighs, under these circumstances, the likelihood of possible danger to invitees. "Negligence is bottomed on the anticipation of unreasonable risk which outweighs the utility of the defendants' conduct." *Ely v. Barbizon Towers*, 101 Ga. App. 872 (115 S. E. 2d 616). Moreover, the petition shows on its face that the plaintiff did not exercise ordinary care for her own safety in walking hurriedly, head down, less than two feet from the side of a building. Also, if the air conditioner extended so close to or over the cement strip, the difficulty or danger, if there was any, in driving the automobile past it should have put the plaintiff sufficiently on notice of its presence. "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." *Code* § 105-603.

The court did not err in sustaining the general demurrer to the petition as amended.

*Judgment affirmed. Nichols and Bell, JJ., concur.*