## 38870. DENNIS v. WEAVER.

DECIDED MAY 25, 1961—REHEARING DENIED JUNE 12, 1961.

*Morton P. Levine, Charlie Franco,* for plaintiff in error.

*Joan Larsen, Woodruff, Latimer, Savell, Lane & Williams, Benj. B. Blackburn III,* contra.

EBERHARDT, Judge. Bartow Dennis held a number of tickets which were given to him on the purchase of gasoline from a filling station, entitling him to participate in a drawing to be held for an automobile which the filling station was giving away. Elizabeth Weaver, his girl friend, alleged that Dennis gave the tickets to her, that one of them turned out to be the "lucky" one, and that he thereafter took the winning ticket from her pocketbook and claimed the prize for himself, refusing to deliver it to her. She brought trover for the ticket, or its value, which she alleged to have been the value of the automobile. The case was tried before Judge Thomas L. Camp of the Fulton Civil Court, without a jury, and after the close of the evidence judgment was rendered for the plaintiff.

Under the plaintiff's testimony, the defendant had given her the ticket "two weeks before the car was raffled off." She referred to it numerous times as having been the "winning ticket," by virtue of which she had "won the car." And, as to how the defendant had obtained the ticket before giving it to her, she testified that "he got it from the service station there; you buy gas and they give you a ticket. He bought gas to get the ticket." There was similar testimony by the defendant. Clearly, under this testimony the ticket was a part of a gift enterprise, or lot-

tery. *Bloodworth v. Gay*, 213 Ga. 51 (96 S. E. 2d 602); *Standridge v. Williford-Burns-Rice Co.*, 148 Ga. 283 (96 S. E. 498).

Such an enterprise is against the laws and the public policy of this State, and the courts will not lend their aid in determining the title to a ticket issued in such a scheme or enterprise, or the rights of an alleged holder thereof to the prize, or the value thereof.

Here the plaintiff's right to prevail was dependent upon her title to the ticket, which, under the pleadings and the evidence, she had acquired by gift from the defendant some two weeks prior to the drawing, when it was determined that the ticket was the "lucky" one, or the winning one. Thus, both the plaintiff and defendant were participants in and parties to the gift enterprise, or lottery, and neither is in position to invoke the aid of the court in connection therewith. It follows that the trial judge erred in overruling the motion for a new trial on the general grounds which was filed by the defendant after the entry of judgment against him.

*Judgment reversed. Carlisle, P. J., and Nichols, J., concur.*