38801.   CARMICHAEL v. TIMOTHY.

DECIDED JUNE 23, 1961.

*Powell, Goldstein, Fraser & Murphy, Frank Love, Jr., Robert E. Coll,* for plaintiff in error.

*N. Forrest Montet,* contra.

BELL, Judge. The first question to be determined is whether the trial court improperly overruled the defendant's general demurrer, for if that ruling was error, the other proceedings were nugatory and the errors assigned as to them need not be reviewed.

1. With modifications, the doctrine that negligence of the plaintiff contributing to his injuries produced by the combined negligence of the plaintiff and defendant will bar the plaintiff from recovery is generally recognized throughout the United States. Prosser, Law of Torts, 2 Ed. § 51. While it has been criticized (and no one theory can ever fully explain the doc-

trine of contributory negligence), at least one justification for the view may be found in the idea that the plaintiff should not be permitted to recover for injuries which his own misconduct has assisted in producing, nor should he be permitted to complain where he has been guilty of the same type of misconduct with which he charges the defendant.

According to the allegations of the petition, it is clearly shown that the log over which the plaintiff fell was used as an aid in parking vehicles in the parking lot, and that the plaintiff fell over it when walking while she could not see it. Several cases involving similar situations where plaintiffs have fallen over parking lot dividers have been before this court recently. In *Ely v. Barbizon Towers, Inc.*, 101 Ga. App. 872 (115 SE2d 616), this court held that under the allegations of the petition the presence of 4x4 timbers placed in such a way as to act as "stops" for automobiles in a parking area did not create an unreasonable risk of harm to the plaintiff. In *McHugh v. Trust Co. of Ga.*, 102 Ga. App. 412 (116 SE2d 512), the plaintiff fell over a "cement separator" in the parking lot of the defendant bank. In the *McHugh* case it was held that the petition did not show a risk of unreasonable danger or that the defendant could have reasonably foreseen danger to an invitee on the property; that dividers separating lanes of traffic or setting apart parking spaces or property boundaries or parking lots can be anticipated by persons traversing a parking lot; and that the maintenance of these structures does not constitute negligence. In both the *Ely* and the *McHugh* cases, the injuries sued upon occurred in the daylight hours. Since it has been held that the existence of dividers in parking lots is not negligence in daylight, it would be ridiculous to hold it to be negligence to have them present at night. It follows that there is a duty on the part of parking lot users to anticipate the presence of parking dividers, day or night. See also *McMullen v. Kroger Co.*, 84 Ga. App. 195 (65 SE2d 420).

Under the authority of these cases cited, the use of a log divider of the type described in the petition would not be negligence. For this reason, the general demurrer of the defendant should have been sustained.

*Judgment reversed. Felton, C.J., and Hall, J., concur.*