41096, 41097. SANDERS v. JEFFERSON FURNITURE COMPANY; and vice versa.

DECIDED JANUARY 25, 1965.

60

*Marson G. Dunaway, Jr.,* for plaintiff in error.

*Rogers, Magruder & Hoyt, Dudley B. Magruder, Jr.,* contra.

EBERHARDT, Judge. We deal first with the cross bill. There have been four parking lot cases before this court with situations varying little from that here presented. The first was *McMullan v. Kroger Co.,* 84 Ga. App. 195 (65 SE2d 420) where it appeared that Kroger maintained a parking lot for its customers across the street from the store, and between the lot and the sidewalk had placed a triangular concrete bar rising above the surface area from 3½ inches at one end to about 6 inches at the other and that the surface of the sidewalk, parking area and concrete bar were of uniform color. Plaintiff, returning

from the store to his car with a bag of groceries, did not see the bar, stumbled over it, fell to the ground and was injured. Negligence charged was the failing of Kroger to furnish a safe approach from the store to the lot, maintaining the unprotected concrete bar at a point that was between the door of the store and the parking area, failing to give warning of the existence and location of the bar and maintaining a trap on premises to which the public was invited. A general demurrer was sustained and this court affirmed.

In *Ely v. Barbizon Towers, Inc.*, 101 Ga. App. 872 (115 SE2d 616) plaintiff stumbled and fell over a 4 x 4 timber that had been fastened with bolts to the surface of the parking lot at the end of the parking spaces for the purpose of stopping of automobiles in a uniform manner at that point and preventing operators from driving against a fence about 3½ feet ahead. The area between the timbers and the fence was used by defendant's tenants and their guests as a walkway. The timbers were laid continuously in a line so that people going to the walkway from cars had to walk over the portion which crossed the spaces between vehicles. Plaintiff alleged that shadows cast by the roof of the parking shed and the vehicle in an adjoining space created an illusion that one might walk into the walkway without obstruction. Negligence alleged was in laying the timbers in a manner so as to obstruct passage into the walkway, failing to cut off the portion of the timbers that obstructed free passage into the walkway, providing an adjoining parking space for a vehicle which obstructed a view of the timbers, failing to warn of the existence of the obstruction and failing to keep and maintain the premises in a safe condition. A general demurrer was sustained and this court affirmed.

In *McHugh v. Trust Co. of Ga.*, 102 Ga. App. 412 (116 SE2d 512) plaintiff parked her car in the bank's parking lot, entered the bank, transacted some business and returned to the lot to get her car. There were "cement separators" setting apart the parking spaces on the lot rising some six inches above the surface and as she crossed the lot she tripped on one of them and fell. Negligence in maintaining the dividers or separators and in failing to warn of their existence was alleged. A general demurrer was sustained and this court affirmed.

In *Carmichael v. Timothy*, 104 Ga. App. 16 (120 SE2d 814) plaintiff, a patron of the defendant, entered its parking lot at night when it was almost filled with vehicles. The lot was lighted only by a street light and this cast shadows over the dark surface, creating an illusion that it was flat and smooth— clear of any objects. In walking from the parked car the most direct route to defendant's place of business was around the front end of the car and across the lot. As she rounded the front of the car she stumbled over a dark log which had been placed on the asphalt area to aid vehicles in parking. Negligence alleged was the allowing of a dark log upon the dark asphalt parking area which was used at night, failing to warn of the presence of the log, to illuminate it, to paint it white or with some luminous substance and failing to place a light on the parking area, thus providing an insufficiently lighted place for parking use. A general demurrer to the petition was overruled, and this court reversed. And see, *Bonner v. Barnes*, 103 Ga. App. 364 (119 SE2d 138).

We can see no substantial difference in the situations presented or in the charges of negligence in those cases and that now considered. For the reasons given in them the trial court erred in overruling defendant's general demurrer here.

This ruling obviates any necessity for considering the exceptions in the main bill to the grant of a nonsuit.

*Judgment reversed on the cross bill of exceptions; main bill dismissed. Nichols, P. J., and Pannell, J., concur.*