111 Ga. App. 653 (1965)
143 S.E.2d 51
JOHNSON
v.
THOMPSON et al.
41275.
Court of Appeals of Georgia.
Argued April 7, 1965.
Decided April 23, 1965.
Rehearing Denied May 11, 1965.
*655 Robert S. Horne, for plaintiff in error.
Lovejoy Boyer, Martin, Snow, Grant & Napier, Cubbedge Snow, contra.
HALL, Judge.
1. The defendant argues that the petition does not state a cause of action because there was a passageway where there were no posts and wires between the automobiles where the plaintiff could have safely walked to the snack bar. If this be true, there was no negligence in failure to furnish a safe walk way and what we say hereafter in this opinion will not be controlling. However, this fact is not shown by the allegations of the petition. This decision must be based on the facts as shown by the petition, that from the place where the plaintiff was parked there was no way provided for walking to the snack bar except between cars with a post between them and so close together that the plaintiff in passing between the post and a car could be struck by the car door. This case falls in the class of cases involving negligently constructed premises and the decisions cited by the defendant involving negligent maintenance, McCrory Stores v. Ahern, 65 Ga. App. 334 (15 SE2d 797), United Theatre Enterprises, Inc. v. Carpenter, 68 Ga. App. 438 (23 SE2d *656 189), involving use of premises for a use for which they were not intended, Augusta Amusements, Inc. v. Powell, 93 Ga. App. 752 (92 SE2d 720), and involving negligence toward others than invitees, Blakely v. Johnson, 220 Ga. 572 (140 SE2d 857), are not controlling of the facts in this case.
Two questions are involved in determining whether the defendant was negligent in arranging the theatre and snack bar as stated in the petition. Did the defendant expose its invitees to a foreseeable risk of harm? If so, was the risk unreasonable? If reasonable men could disagree on both of these questions, the issue of negligence must be left to the jury. Cooper v. Anderson, 96 Ga. App. 800, 809 (101 SE2d 770), affirmed 214 Ga. 164 (104 SE2d 90).
In view of the uses for which the defendant invited patrons to the premises, reasonable men could disagree and it is a question of fact whether the risk of a patron walking to the snack bar being struck by a car door, was foreseeable. The next question is more difficult. If the risk was foreseeable, was it an unreasonable risk  was it a risk of such magnitude as to outweigh what the law regards as the utility of the defendant's alleged negligent conduct (not providing a walkaway to the snack bar where this risk would not be present)? American Law Institute, Restatement, Torts 785 et seq., §§ 291-293. This standard is complex but affords an opportunity for reaching substantial justice. The magnitude of a risk involves the social value of the interests imperiled (in this case the plaintiff's interest in bodily safety), the probability of harm to those to whom a duty is owed, and the extent of harm likely to be caused to them by exposure to the risk. Id. 791, § 293. Factors relating to the utility of particular conduct are the social usefulness of the enterprise (in this case the drive-in theatre), the value to the defendant of the particular way of conducting the enterprise (the alleged acts and omissions of negligence), and the extent to which the defendant's interest can be adequately advanced by another and less dangerous course of conduct (such as providing a special walk way to the snack bar). Id., 788, § 292. We again believe that reasonable men could disagree whether, if the risk to the plaintiff was foreseeable, it was reasonable or unreasonable, considering the magnitude of the risk and the utility of the *657 defendant's alleged negligent conduct. Cf. Bryon v. Fresh Pond Open Air Theatre, 333 Mass. 121 (128 NE2d 785).
2. The question of the plaintiff's negligence is whether he exposed himself to a foreseeable unreasonable risk of harm. American Law Institute, Restatement, Torts 1230, § 466. If he is found to have done so, there remain the questions whether he can recover under the comparative negligence rule, or is barred from recovery by the rule of avoidance of consequences or the rule of voluntarily encountering a known danger. Code § 105-603; Whatley v. Henry, 65 Ga. App. 668, 674 (16 SE2d 214). The allegations of the petition present a question of fact whether the way the plaintiff walked to the snack bar was apparently safe to a person in the exercise of ordinary care. Atlanta Terminal Co. v. Johnson, 15 Ga. App. 22, 26 (82 SE 629); Delta Air Lines v. Millirons, 87 Ga. App. 334, 337 (73 SE2d 598). Ordinarily, and in the present case, the court cannot decide as questions of law the facts upon which the plaintiff could be precluded from recovery. Cooper v. Anderson, 96 Ga. App. 800, 810, supra.
3. The defendant contends that the plaintiff is not entitled to recover because when injured he was participating in a gambling game made a penal offense by Georgia law, Code §§ 26-6404, 26-6502. Generally participation in gambling activities does not prevent recovery in tort for personal injuries in the absence of a causal relation between the illegal act and the injuries sustained. Anno. 77 ALR2d 961. In Hughes v. Atlanta Steel Co., 136 Ga. 511 (71 SE 728, 36 LRA (NS) 547, AC 1912C 394), the Georgia Supreme Court held that a servant was not precluded from recovering for the negligence of his master because at the time the servant was injured both he and the master were engaged together in the violation of a penal statute prohibiting the pursuit of one's business or work of ordinary calling on the Lord's day, because the plaintiff's violation of law did not contribute to his injury. Accord Allen v. Gornto, 100 Ga. App. 744, 751 (112 SE2d 368). In the Hughes case (p. 515), the action was "founded on a breach of duty, which the law imposes as an incident to the relation of master and servant. . . A servant who is required to report for work on Sunday, and while working on that day is injured, may not be able to recover for services *658 rendered on the faith of the contract; but he is not for that reason to be physically disabled by a negligent master and denied a recovery for his injury solely because the injury happened while he and the master were working on Sunday." The occurrence could have happened on any other day under similar circumstances. So we can say in the present case, the action was founded on a breach of duty which the law imposes as an incident to the relation of business proprietor and invitee. An invitee who is injured on the premises may not be able to recover for the consideration paid or offered for playing the illegal game. Atkinson Novelty Co. v. Prince & Son, 28 Ga. App. 497 (111 SE 699); Dennis v. Weaver, 103 Ga. App. 824 (121 SE2d 190). But he is not for that reason denied a recovery for an injury resulting from the proprietor's negligence solely because it happened while he and the proprietor were engaged in the game. The occurrence could have happened under similar circumstances if the plaintiff was walking to the snack bar to buy popcorn or for any other legal purpose. When the participation in an illegal act is merely a condition present at the time of an injury, but not a proximate cause, it does not prevent recovery. In other words, it is not the law that recovery must be denied whenever it can be said that but for the illegal activity the injury would not have happened at this time.
The trial court erred in sustaining the defendant's demurrer to the petition.
Judgment reversed. Bell, P. J., and Frankum, J., concur.