43194, 43195. HOLLIS v. FIRST NATIONAL BANK OF ATLANTA (two cases).

SUBMITTED NOVEMBER 6, 1967—DECIDED JANUARY 15, 1968— REHEARING DENIED JANUARY 30, 1968.

146

*Carnes, Jernigan, Dillon & White, James A. White, Jr.,* for appellants.

*Lokey & Bowden, Glenn Frick,* for appellee.

HALL, Judge. The defendant contends that the cases of *Sanders v. Jefferson Furn. Co.,* 111 Ga. App. 59 (140 SE2d 550); *McMullan v. Kroger Co.,* 84 Ga. App. 195 (65 SE2d 420); *Ely v. Barbizon Towers,* 101 Ga. App. 872 (115 SE2d 616) and *Mc-Hugh v. Trust Co. of Ga.,* 102 Ga. App. 412 (116 SE2d 512) are controlling. Those cases merely hold that the mere fact of maintaining dividers elevated above the surface in parking areas does not in itself amount to negligence by the proprietor. See *Johnson v. Thompson,* 111 Ga. App. 654, 657 (143 SE2d 51). They do

not hold that maintaining elevated parking dividers can never amount to negligence by the proprietor regardless of the surrounding circumstances. The question is whether these dividers expose an invitee to a foreseeable unreasonable risk of harm under the totality of the circumstances in each particular case. In making this determination, the court must consider the utility of the dividers with respect to the type of construction, location, observability to invitees and the state of maintenance. For a recent case where the undisputed evidence on summary judgment showed no genuine issue of liability see *Broadview Plaza, Inc. v. Goodman,* 116 Ga. App. 738 (158 SE2d 258).

In our opinion, the facts alleged in this petition relating to the location, appearance, and visibility of the barrier when compared with comparable allegations in the following cases, create an issue of fact for jury determination. *Atlanta Terminal Co. v. Johnson,* 15 Ga. App. 22 (82 SE 629); *Rogers v. Sears, Roebuck & Co.,* 45 Ga. App. 772 (166 SE 64); *Fuller v. Louis Steyerman & Sons,* 46 Ga. App. 830, 836 (169 SE 508); *Lane Drug Stores v. Brooks,* 70 Ga. App. 878 (29 SE2d 716); *Delta Air Lines v. Millirons,* 87 Ga. App. 334 (73 SE2d 598); *Wicker v. Roberts,* 91 Ga. App. 490 (86 SE2d 350); *Etheridge Motors v. Haynie,* 103 Ga. App. 676 (120 SE2d 317).

When the petition alleges facts creating an issue that the thing described as a defect was not observable to the plaintiff in the exercise of ordinary care but was within the proprietor's actual or constructive knowledge, it is not subject to general demurrer. *Wynne v. Southern Bell Tel. & Tel. Co.,* 159 Ga. 623, 624 (126 SE 388); *Chotas v. J. P. Allen & Co.,* 113 Ga. App. 731 (149 SE2d 527), certiorari denied by the Supreme Court, 113 Ga. App. 887.

The trial court erred in sustaining the defendant's general demurrers.

*Judgment reversed. Felton, C. J., Jordan, P. J., Deen, Quillian and Whitman, JJ., concur. Bell, P. J., Eberhardt and Pannell, JJ., dissent.*

EBERHARDT, Judge, dissenting. I must agree with the trial judge in his sustaining of the general demurrers. The factual situation presented in these petitions cannot, in my judgment, be

logically distinguished from those presented in *McMullan v. Kroger Co.*, 84 Ga. App. 195 (65 SE2d 420) ; *Ely v. Barbizon Towers*, 101 Ga. App. 872 (115 SE2d 616) ; *McHugh v. Trust Co. of Ga.*, 102 Ga. App. 412 (116 SE2d 512) ; *Carmichael v. Timothy*, 104 Ga. App. 16 (120 SE2d 814) ; *Cook v. Parrish*, 105 Ga. App. 95 (123 SE2d 409) ; *Pulliam v. Walgreen Drug Stores*, 108 Ga. App. 90 (131 SE2d 801) ; *Sanders v. Jefferson Furn. Co.*, 111 Ga. App. 59 (140 SE2d 550) ; *Associated Distributors, Inc. v. Canup*, 115 Ga. App. 152 (154 SE2d 32), and *Broadview Plaza, Inc. v. Goodman*, 116 Ga. App. 738 (158 SE2d 258), in all of which we held that no cause of action was presented. All of these were parking lot cases, and we are bound by them.

Ignoring the rules of law established by these cases, applicable to parking lot areas, and planting the holding upon rulings made in cases involving other and different situations is an incivility to the rule of stare decisis, a tergiversation in which I cannot join.

Relative to outside areas "The pedestrian is not entitled to an absolutely level and unobstructed passageway." 4 Shearman & Redfield on Negligence, p. 1817, § 795. "In determining what is a defect in a sidewalk, or a store aisle, or a parking lot, we must take into consideration the nature of the establishment, and we must undertake to determine just what type of surface the user would have the right to expect." Byrnes v. National Cas. Co. (La. App.), 45 S2d 408. "Certainly plaintiff, upon entering or leaving . . . and undertaking to walk through and upon the parking grounds, must take notice that such changes in elevations are not uncommon and are to be expected." Seal v. Safeway Stores, 48 N. M. 200 (147 P2d 359).

With the exception of *Delta Air Lines, Inc. v. Millirons*, 87 Ga. App. 334 (73 SE2d 598) all cases cited and relied on by the majority deal with situations other than parking lots. It must be recognized that the kinds of situations to be expected in parking lots are different from that which applies to other areas, such as in stores and the like. In *Delta* liability was predicated not on the maintenance of the ten-inch concrete curb for regulating uniformity in the parking of automobiles on the

lot and to keep them off the landing field, on which plaintiff stumbled and fell, but upon the fact that the air line maintained a bright floodlight which patrons faced in going to the parking lot area and which rendered it impossible for him to see the curb when he approached his automobile.

These petitions do not present situations of unreasonable risk of foreseeable harm, but rather the situation which one ordinarily expects to find in any parking lot and which he should anticipate in going onto or away from it. That the user of the lot should anticipate the bar, curb, separator or divider in approaching or returning to the lot is settled by the decisions above cited.

The case of *Chotas v. J. P. Allen & Co.*, 113 Ga. App. 731 (149 SE2d 527) is inapposite, for in that case (not involving a parking area) the offending object was a large rubber mat at the entrance to defendant's store, on which the plaintiff *must* step in order to gain entrance. Here plaintiff proceeded in broad daylight into the parking lot, where she should have expected to find the concrete curb, and have stepped *over* it.

As to any claim of "optical illusion," as was asserted in *Ely v. Barbizon Towers, Inc.*, 101 Ga. App. 872, supra, "The facts alleged exclude the idea that an optical illusion caused the injuries, but even if one did it would be even more remote and unforeseeable than the danger without the illusion." And see *Carmichael v. Timothy*, 104 Ga. App. 16, supra, where a similar claim was made.

I would affirm. I am authorized to state that Presiding Judge Bell and Judge Pannell join me in this dissent.