## 57352. KRYSTAL COMPANY v. BUTLER.

BIRDSONG, Judge.

This case is a personal injury suit based on negligence. A jury returned a verdict for plaintiff for $150,000. A judgment was entered on this verdict. Defendant has appealed. *Held:*

1. At the conclusion of plaintiff's evidence, the defendant moved for a directed verdict which was denied. The denial is enumerated as error. The evidence shows that plaintiff went to defendant's restaurant in an automobile at about noon on the date of this incident. After the car was parked in defendant's parking lot which adjoined the restaurant building, plaintiff exited the vehicle and started to walk on a sidewalk towards the restaurant building. According to her testimony, plaintiff found other parked automobiles protruding over the sidewalk as well as trash cans and trees in the middle of the walkway which prevented her from transiting the walkway. Plaintiff testified that she then proceeded to walk to the rear of the parked cars and through the parking lot; that while looking at the parked vehicles as she was afraid one might commence backing out, plaintiff tripped and fell over a "speed breaker." The speed breaker was constructed of asphalt and was not identified with a color or mark to distinguish it from the pavement which was the same color. This tended to cause an optical illusion. There was evidence that the plaintiff had prior knowledge of the "speed breaker," she having frequented the establishment on prior occasions.

An expert testified when the walkway was obstructed by protruding cars, only eight to nine inches of walking space remained for pedestrian passage. The defendant contends the evidence demands a verdict on its behalf. In support of the motion, reliance is placed on *Sanders v. Jefferson Furniture Co.,* 111 Ga. App. 59 (140 SE2d 550). *Sanders* and holdings in other cases cited therein were all parking lot slip-and-fall cases involving elevated dividers on the surface of the parking lot. *Sanders* and the other cases all sustained the respective defendants' general demurrers. These decisions only hold that the mere fact of maintaining dividers elevated above

the surface in parking areas does not in and of itself amount to negligence on the part of the proprietor. *Hollis v. First Nat. Bank,* 117 Ga. App. 145, 146 (159 SE2d 497). We also noted in *Hollis* that: "They [*Sanders* and other cited cases] do not hold that maintaining elevated parking dividers can never amount to negligence by the proprietor regardless of the surrounding circumstances. The question is whether these dividers expose an invitee to a foreseeable unreasonable risk of harm under the totality of the circumstances in each particular case. In making this determination, the court must consider the utility of the dividers with respect to the type of construction, location, observability to invitees and the state of maintenance."

The evidence of the construction of the sidewalk which permitted parked cars to protrude over the walkway coupled with the placement of trees and refuse receptacles in the pathway which prevented reasonable walking space to a pedestrian and the evidence of a failure to distinguish the speed breaker by color would authorize a jury to find that plaintiff was forced into an unreasonable risk of harm; and caused her to be distracted from observing the speed breaker by the possibility of a parked vehicle commencing to back away and into plaintiff. There is some evidence from which the jury could find that plaintiff had prior knowledge of the "speed breaker" as she had frequented this establishment on many occasions. The facts here bring this case within the established rule in Georgia that negligence is a question for the jury including lack of negligence, diligence, and lack of diligence. Code § 105-401; *Gray v. Delta Air Lines,* 127 Ga. App. 45 (192 SE2d 521). As a jury question was presented, the trial court correctly denied defendant's motion for directed verdict. The mysteries were properly solved by the jury.

2. The defendant requested the court to charge: "I charge you that a customer must exercise ordinary care for her own safety, and must by the same degree of care avoid the effect of the merchant's negligence, if any, after such negligence becomes apparent to the customer or in the exercise of ordinary care the customer should have learned of it. A customer must make use of all her senses

in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to her." The trial court declined to give this instruction. Nevertheless, elsewhere in the court's charge, the substance of the requested instruction was given as the court charged extensively on the duty of plaintiff to exercise ordinary care and her duty to avoid the consequences of defendant's negligence, if any. Therefore, no error was committed. *Ray v. Gallant-Belk Co.,* 147 Ga. App. 580, 582 (249 SE2d 635).

3. The foregoing reasoning and holding apply with equal force to two other requests to charge which were denied. Both requests dealt with the subject matter of defendant's duty to warn of obvious conditions; and that defendant as the owner of premises was not the insurer of the safety of his invitees. The substance of both was covered in the court's charge.

4. The court charged the jury on distraction by conduct which so diverted the plaintiff's attention as to be the proximate cause of her injury in colliding with what might otherwise be under the circumstances a patently safe appurtenance, namely, the speed breaker. This charge was authorized by the evidence as noted in Division 1 concerning the construction of the walkway causing the parked cars to protrude and forcing plaintiff to walk in the lot and to watch for backing cars. The charge under the evidence was correct. *Gray v. Delta Air Lines,* 127 Ga. App. 45, supra.

5. The defendant contends that the verdict was grossly excessive, unauthorized by the evidence, and resulted from bias, prejudice and mistake. The evidence shows that plaintiff suffered a fracture of the hip, requiring hospitalization, surgery for the placement of a metal hip prosthesis, 25% permanent disability, and that she experienced excruciating pain. We cannot hold under this evidence that the verdict was excessive under the applicable statutory standard found in Code § 105-2015.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED MARCH 12, 1979 — DECIDED APRIL 24, 1979.

*Awtrey & Parker, Dana L. Jackel, Donald A. Mangerie,* for appellant.
*Barnes & Browning, Roy E. Barnes,* for appellee.