72464. SHACKELFORD v. DeKALB FARMER'S MARKET, INC.
(349 SE2d 241)

CARLEY, Judge.
Appellee-defendant operates a grocery business which appellant-

plaintiff has often patronized. The central location for obtaining and returning the carts that appellee provided for its customers' use was an outside storage area. This cart storage area was located in the space between the entrance to appellee's facility and the separate exit therefrom. Customers obtained a cart upon entering and were asked, upon exiting, to return their carts to the designated outside storage area. This storage area was open at both ends where the carts were obtained and returned but the side which faced an adjacent driveway was delineated by a series of unpainted, concrete dividers or bumpers which were approximately 6 feet long, 8 inches wide and 4 inches tall. On the other side of the driveway was the parking area for appellee's customers.

On the day in question, it was raining when appellant finished her shopping at appellee's facility. Deciding that she would not need the cart to carry her purchases to her car, she exited the facility and returned the cart to the outside storage area. Holding her packages, appellant then began to walk toward the driveway, across which she would have to pass in order to reach the parking lot. She tripped and fell over one of the unpainted, concrete bumpers which formed the perimeter between the cart storage area and the driveway.

Appellant initiated the instant civil action against appellee to recover for the physical injuries that she sustained in the fall. In her deposition, appellant was asked if, on the day of her fall, she had seen "the bumper that [she] fell over before [she] fell. . . ." Her answer was: "Well, it was raining and I put the cart back there; and I *don't know* that whether I saw that bumper there or not." (Emphasis supplied.) Later in her same deposition, appellant stated that "the reason, [she felt] sure" that she had fallen "on this particular occasion [was] it was raining, [and she was] looking for traffic." Based upon appellant's deposition, appellee moved for summary judgment. In opposition to appellee's motion, appellant filed her own affidavit. In her affidavit, she stated that, as the result of the rain, the concrete color of the bumpers "merged with the color of the pavement creating an optical illusion of oneness" and that she had been "apprehensive as to timing her effort to enter onto and cross the automobile corridor and she *did not see* the concrete divider which obstructed her way and she tripped over it and fell. . . ." (Emphasis supplied.) The trial court conducted a hearing on appellee's motion and granted it. Appellant appeals from the grant of summary judgment in favor of appellee.

1. The decisive issues are: "(1) fault on the part of [appellee], and (2) ignorance of the danger on the part of the [appellant.] [Cit.]" *Pound v. Augusta Nat.*, 158 Ga. App. 166, 168 (279 SE2d 342) (1981). With regard to the first issue: "The question is whether these dividers expose an invitee to a foreseeable unreasonable risk of harm under

the totality of the circumstances in each particular case. In making this determination, the court must consider the utility of the dividers with respect to the type of construction, location, observability to invitees and the state of maintenance." *Hollis v. First Nat. Bank,* 117 Ga. App. 145, 147 (159 SE2d 497) (1968).

Construing the evidence most strongly in favor of appellant, a jury question remains as to whether it was an act of negligence on the part of appellee to use slightly elevated unpainted concrete bumpers, which when wet tended to merge visually with the surrounding pavement, not as dividers in a parking lot per se, but as an artificial perimeter between vehicular traffic on the driveway and pedestrian traffic in the cart storage area. See *Hollis v. First Nat. Bank,* supra; *Smith v. Swann,* 73 Ga. App. 144 (35 SE2d 787) (1945).

2. With regard to the issues of appellant's ignorance of the danger presented by the bumpers, "[t]he mere fact that [she] has been in the area before will not preclude [her] from recovery for injuries received from defective premises unless [her] failure to observe the defect amounts to a lack of that care which an ordinarily prudent person would exercise under the circumstances." *Kreiss v. Allatoona Landing,* 108 Ga. App. 427, 435 (2b) (133 SE2d 602) (1963). Considering the changeable nature of the bumpers as regards their actual physical location, their potential for becoming a dangerous obstacle to pedestrians, and their visual observability, the mere fact that appellant may have shopped at appellee's facility on prior occasions does not necessarily preclude her from a recovery for her fall under the circumstances of this particular occasion. See *Kreiss v. Allatoona Landing,* supra. Compare *Tanner v. Ayer,* 150 Ga. App. 709 (258 SE2d 545) (1979). With reference to the day in question, there is no evidence that appellant had ever had prior occasion to step over the wet bumpers in the outside cart storage area where her subsequent fall actually took place. See *Bell v. Abercorn Toyota,* 175 Ga. App. 668 (333 SE2d 880) (1985). Compare *Anderson v. Dunwoody North Driving Club,* 176 Ga. App. 210 (335 SE2d 451) (1985); *Purvis v. Holiday Hills &c. Assoc.,* 163 Ga. App. 387 (294 SE2d 592) (1982); *Pound v. Augusta Nat.,* supra. Moreover, the evidence does not negate the allegations of an optical illusion caused by the rain, so as to show that the unpainted wet bumpers were, as a matter of law, such a patent defect as appellant, in the exercise of ordinary care, should have observed. See generally *Smith v. Swann,* supra. Compare *Jones v. Richardson,* 178 Ga. App. 49 (342 SE2d 12) (1986) (concrete painted curb); *McMullan v. Kroger Co.,* 84 Ga. App. 195 (65 SE2d 420) (1951) (no allegation of optical illusion).

Appellee nevertheless urges that, as a matter of law, appellant cannot recover because she cannot prove her ignorance of the existence of the bumpers on the day in question. " 'It is when the perilous

instrumentality is known to the owner or occupant and *not known* to the person injured that a recovery is permitted. [Cit.]' [Cit.]" (Emphasis supplied.) *Ramsey v. Mercer*, 142 Ga. App. 827, 829 (237 SE2d 450) (1977). In this regard, appellee urges that, contrary to the positive denial in appellant's subsequent affidavit, she stated in her earlier deposition that she did not actually "know whether [she] saw that bumper or not." "In each case, whether on motion for summary judgment or at trial, it must be decided if the testimony of a party-witness is contradictory. . . . [W]here testimony is contradictory, if [no] reasonable explanation is offered for the contradiction, the testimony will . . . be construed against the party-witness." *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (2) (343 SE2d 680) (1986). However, when the deposition is, in its entirety, construed most strongly in appellant's favor, there is no conflict with the subsequent affidavit. That appellant may not know whether she actually saw the bumper when she returned her cart is not necessarily contradictory of the fact that she did not see the bumper so as to avoid the imminent danger of stumbling over it. " ' "Knowledge of defect" should not be confused with "knowledge of danger." [Cit.]' [Cit.]" *Bell v. Abercorn Toyota*, supra at 670. The crucial question is whether appellant " 'should have had a full appreciation of *the danger*, and . . . in the exercise of ordinary care she should have avoided the injury herself.' " (Emphasis supplied.) *Bell v. Abercorn Toyota*, supra at 670. From appellant's deposition, it is clear that, as in her subsequent affidavit, she attributed her actual fall to two factors, to wit: the optical illusion created when the rain seemingly caused the bumpers to "merge" with the pavement (*Smith v. Swann*, supra); and, to the distraction caused by the passing vehicular traffic. Thus, appellant was presented with a means of access to her vehicle which required that she successfully negotiate an obstructive optical illusion, that she may or may not have previously seen, from which optical illusion she was also distracted by the need to watch for passing vehicular traffic. The distraction theory may apply even when the injured party has prior actual knowledge of the existence of a defective condition. See *Stuckey's Carriage Inn v. Phillips*, 122 Ga. App. 681, 682 (2) (178 SE2d 543) (1970); *Krystal Co. v. Butler*, 149 Ga. App. 696 (256 SE2d 96) (1979). A possible confrontation with vehicular traffic on the property may be a significant "distraction" for a pedestrian-invitee on the premises. See *Robinson v. Western Intl. Hotels Co.*, 170 Ga. App. 812, 815-816 (318 SE2d 235) (1984). On the record before us, a jury should decide whether appellant was injured as the result of falling over a dangerous optical illusion from which she was distracted by passing traffic or, as appellee contends, she tripped over a patent defect solely as the result of the self-induced distraction of getting out of the rain. Compare *Anderson v. Dunwoody North Driving Club*, supra. The trial

court erred in granting summary judgment.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 18, 1986.

*William F. Lozier*, for appellant.

*James C. Huckaby, Jr., David A. Handley, Jonathan D. Moonves*, for appellee.