A95A0821. COWAN v. WAFFLE HOUSE, INC.
(456 SE2d 762)

ANDREWS, Judge.

In his sole enumeration of error, Robert Cowan contends that the Gwinnett State Court erred in granting summary judgment to the Waffle House in his suit for personal injuries against it.

The following undisputed facts are relevant to this appeal. On January 17, 1994 at about 12:30 p.m., Cowan parked his car in the Waffle House parking lot. The weather conditions on that date were icy and wet. Cowan observed that there were individual curbs, which were painted yellow, at the end of each parking space. He entered the Waffle House through a door on the same side where he parked his car and ate lunch. After eating, he left the Waffle House through the same door. He walked across the Waffle House parking lot, past the individual parking curbs, around additional concrete curbing and down an embankment to the adjacent store's parking lot. He used the phone at the adjacent business and walked back to his car. On the way back he crossed back over the undivided concrete curb. He

stepped over one of the individual curbs and fell.

Cowan claims that his fall was caused when his pants leg caught on a rebar stake attached to the back of an individual curb. He claims that he was exercising caution while he was walking and that despite looking where he was going, he did not see the rebar stakes on the back of the individual curbs.

Cowan filed a complaint against Waffle House alleging that he "slipped and fell on some ice" and was stabbed in the leg by a piece of metal protruding from the curb. He claimed that the maintenance of this condition constituted negligence. Cowan subsequently amended the complaint to allege that the protruding stake caused his fall.

The Waffle House filed a motion for summary judgment alleging that Cowan had equal or superior knowledge of the condition and that the action was barred. With his response to the motion for summary judgment, Cowan filed his affidavit in which he stated that he was being careful in watching where he was walking.

The state court granted the motion, finding that there was no evidence that the metal rebars were not in plain view; that the rebars should have been obvious to Cowan; that Cowan had equal knowledge of the rebars; that the Waffle House did not have superior knowledge of the existence of the rebars; that the Waffle House could prevail by showing an absence of evidence to support Cowan's case; and that no factual issues remained in the case.

Here, citing several cases including *Marlowe v. Cabe*, 207 Ga. App. 764 (429 SE2d 151) (1993), Cowan argues that the Waffle House had superior knowledge of the rebar stakes and that summary judgment was improperly granted. He claims the color of the stake blended with the asphalt and that he was unable to see the stake, even though he was being careful.

We find Cowan's arguments without merit. Black and white photographs of the scene where Cowan fell are included in the record before us and show that the rebars were clearly visible.[1] The rebars are dark and the curb that the rebars supported are light in color. Cowan claims that the rebars were the same color as the asphalt, but this fact is not germane to the visibility of the rebars, since they were perpendicular to the asphalt and contrast sharply with the yellow curb they supported. Compare *Hollis v. First Nat. Bank of Atlanta*, 117 Ga. App. 145 (159 SE2d 497) (1968). Moreover, not only had Cowan traversed the parking lot without incident several times, but

---

[1] The Waffle House has attached color copies of the photographs to its brief, which also show that the rebars were obvious. Because the obvious nature of the rebars is demonstrated in the black and white photographs, we need not address the issue of the admissibility of the color copies.

there is no evidence that any prior incidents had occurred involving these rebars.

"The owner or occupier of land is under a duty to invitees to discover and either keep the premises safe from or warn of hidden dangers or defects not observable to such invitees in the exercise of ordinary care. However, there is no duty to warn against obvious or patent dangers which may be observed and avoided by the exercise of ordinary care." (Citations and punctuation omitted.) *Winchester v. Sun Valley-Atlanta Assoc.*, 206 Ga. App. 140, 142 (2) (424 SE2d 85) (1992); see generally *Sinclair v. Orozco*, 205 Ga. App. 498 (423 SE2d 25) (1992); *Lonard v. Cooper & Sugrue Prop.*, 214 Ga. App. 862 (449 SE2d 348) (1994).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED APRIL 11, 1995.

*Snellings & Ferguson, Stanley T. Snellings*, for appellant.
*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., Stacey L. Ferris-Smith, Jonathon E. White*, for appellee.