The City of Augusta *vs.* Hafers, by next friend.

1. In an action against a municipal corporation for injuries resulting from falling into a cellar door on one of its sidewalks, left open by the owner of the property on its street, there are two questions for the jury; first, is the system adopted by defendant in regard to allowing cellars on its sidewalks, reasonably calculated to insure the safety of those who travel thereon by night or day? Second, if so, is the defendant liable in the special case by reason of negligence in the owner, coupled with notice, actual or constructive, to the city?

2. It was error to charge that the question was whether the city "was guilty of negligence in the use of the cellar by the occupant or owner thereof."

3. The question being as to whether the system adopted by the city in regard to allowing cellars on its sidewalks, was reasonably calculated to insure the safety of those who travel thereon, evidence that children upon different occasions had previously fallen into such openings, was admissible.

Municipal corporations.  Negligence.  Roads and bridges. Evidence.  Before Judge GIBSON.  Richmond Superior Court.  April Term, 1878.

To the report contained in the decision, it is only necessary to add the following:

Defendant moved for a new trial on the following, among other grounds:

1. Because the court charged the jury as follows: " If you find the system of cellars with covered doors in the sidewalks, as adopted by defendant, to be reasonably safe and secure, it is then for you to ascertain whether the defendant was guilty of negligence in the use of the cellar by the occupant or owner thereof; and if you find that defendant has been guilty of negligence, you should give such damages as to fully compensate the plaintiff for all the injuries sustained."

2. Because the court, over objection of defendant's counsel, admitted the testimony of Dr. E. W. Harker, a witness for the plaintiff, that he had seen a child walk backwards and fall into Dr. Campbell's cellar, and also that he had seen another such instance five or six years before.

The motion was overruled and defendant excepted.

BARNES & CUMMING ; J. C. C. BLACK, for plaintiff in error, cited 53 *Ga.*, 607 ; 55 *Ib.*, 566 ; 59 *Ib.*, 151 ; *Chapman vs. Mayor, etc., of Macon* (this term).

W. R. McLAWS ; H. CLAY FOSTER, for defendant, cited 59 *Ga.*, 151 ; 55 *Ib.*, 566 ; 53 *Ib.*, 608 ; 3 Am. L. T. R. (N. S.), 486 ; 39 N. Y., 58 ; 47 *Ib.*, 639 ; 9 *Ib.*, 456 ; 36 *Ib.*, 58 ; 2 Daly, 243 ; 8 Am. R., 204 ; 14 *Ib.*, 452 ; 49 Ill., 476 ; 62 *Ib.*, 28 ; Thompson on Highways, 309–310 ; 2 Dill. Mun. Corp., 780, 788–91, 796, 918 ; Wood on Nuisances, 254, 778, 275–6, 329–30 ; 9 Humphries, 760 ; 9 Heisk., 1 ; 18 How. Prac. R., 169 ; City Code of Augusta, 26 ; 4 Am. R., 196 (2) ; 2 Dillon on Mun. Corp., 521, 794 ; 30 *Ga.*, 506, 512 ; 2 Douglass (Mich.), 522 ; 42 Me., 522 ; 2 Black, 418 ; 34 N. Y., 179 ;

5 Dutcher (N. J.), 544; 4 Law & Eq., 179; 3 Strobhart (S. C.), 425.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant to recover damages for its alleged negligence in allowing one Goldsby, the owner of a lot on Broad street in the city of Augusta, to keep open a cellar door, whereby the plaintiff, in walking along the sidewalk on said street, fell into said cellar and was injured. On the trial of the case, the jury found a verdict in favor of the plaintiff for the sum of $500.00. A motion for a new trial was made on the grounds therein stated, which was overruled, and the defendant excepted.

1, 2. This is the second time this case has been before this court. According to the ruling of this court when it was here before, there were two questions to be submitted to the jury : First, was the system adopted by the defendant in regard to allowing cellars on its sidewalks, in front of the business houses thereon, reasonably calculated to insure the safety of those who travel on them either by day or night? Second, was the defendant liable to the plaintiff for negligence in *allowing* the use of the cellar by the owner thereof, under the evidence in the case, according to the ruling of this court in *Chapman vs. The Mayor, etc., of Macon,* 55 *Ga. Rep.,* 566 ? See 59 *Ib.,* 154. In the case of *Chapman vs. The Mayor, etc., of Macon,* it was held that if the opening of the cellar door by the owner thereof, was a single act of negligence, the city would not be liable, because it would not be charged with knowledge, nor could notice in fifteen minutes be given to it. But if the owner had been for a long time careless and negligent, the city would be presumed to have notice. The court charged the jury amongst other things, " If you find that the system of cellars with covered doors in the sidewalks, as adopted by defendant, to be reasonably safe and secure, it is then for you to ascertain whether the defendant was guilty of negligence in the use of the cellar by the occupant or owner

thereof; and if you find that the defendant has been guilty of negligence, you should give such damages as to fully compensate the plaintiff for all injuries sustained." This charge of the court, in view of the evidence in the record, was error. The question, according to the ruling of this court, was not whether "the defendant was guilty of negligence in the use of the cellar by the occupant or owner thereof," but the question to have been submitted to the jury, was whether the defendant was liable to the plaintiff in damages for negligence in *allowing* the use of the cellar by the owner thereof, under the evidence in the case, when applied to the law as ruled by this court in *Chapman vs. The Mayor, etc. of Macon*, before cited.

3. The evidence of Harker that "he had seen a child walk backwards and fall into Dr. Campbell's cellar, and also that he had seen another such instance five or six years before," may be considered as bearing remotely upon the question as to the reasonable safety of the defendant's sidewalks according to the system adopted by it in regard to cellars thereon in front of business houses, and was therefore admissible for what it was worth in that connection. The overruling of the defendant's motion for a new trial was error.

Let the judgment of the court below be reversed.