27721. OWENS *v.* SHUGART *et al.*

DECIDED NOVEMBER 30, 1939.

*Joe M. Lang, Y. A. Henderson,* for plaintiff.
*J. H. Paschall, R. F. Chance,* for defendants.

BROYLES, C. J. 1. "The right of either party to a suit to subject to a thorough and sifting cross-examination the witnesses called to testify against him, is distinctly declared in section 3864 of the Code [§ 38-1705]. It is a substantial right, the preservation of which is essential to a proper administration of justice, and extends to all matters within the knowledge of the witness, the disclosure of which is material to the controversy." *News Publishing Co.* v. *Butler,* 95 *Ga.* 559 (22 S. E. 282); *Burch* v. *Wade,* 58 *Ga. App.* 385 (198 S. E. 563). Especially is this true "where the witness is the opposite party to the cause on trial, and has testified

for the purpose of making out his own case." *W. & A. R.* v. *Peterson,* 168 *Ga.* 259, 266 (147 S. E. 513), and cit.

2. "Generally, when part of a conversation has been introduced in evidence, the rest of it so far as relevant may be brought out by the opposite party on cross-examination of the witness." *Glasco* v. *State,* 137 *Ga.* 336 (2) (73 S. E. 578); *Augusta Naval Stores Co.* v. *Forlaw,* 133 *Ga.* 138, 147 (65 S. E. 370); *Savannah, Florida &c. Ry. Co.* v. *Holland,* 82 *Ga.* 257 (2) (10 S. E. 200, 14 Am. St. R. 158). Especially is this true where the conversation was between the parties to the cause, and one of them had testified to his version thereof and was being cross-examined as to other alleged parts of the conversation to which he had not referred in his direct testimony.

3. L. P. Owens sued H. S. Shugart and D. C. Shugart for damages to his automobile alleged to have been caused by the negligence of Dennis Payne, the agent and employee of the defendants, in driving the defendants' truck against the plaintiff's car. On the trial H. S. Shugart, one of the defendants, testified on direct examination as follows: "Dr. Owens [the plaintiff] came to see me about this accident. As to what he had to say, he was out in the front and I went out and spoke to him, and he asked me if Mr. Payne was about, and I told him no, that he was out somewhere, that he would be in directly; and I said 'Do you want him for something?' And he said 'Yes, I want to see him and talk with him about this little wreck, to see if we can get our tales together on this wreck.' *That was all that was said."* (Italics ours.) On cross-examination, the witness (H. S. Shugart) testified: "He [L. P. Owens] never said anything to me about paying him for his damages. He did not say a thing to me about damage to his car. He came up in front of the store and I stepped in the door and asked him to come in, and he said he was looking for Mr. Payne, and I said 'He is not in.' And he said 'Is he about?' And I said 'No, he has gone out;' and he said he wanted to see him." The witness (still on his cross-examination) was then asked the following question: "Didn't you tell him [Owens] you had insurance and it was up to them to fix it up?" On motion of the defense, the court refused to allow the witness to answer the question, saying: "The fact that he has insurance has nothing to do with this case." Counsel for the plaintiff replied: "We want to

get in the complete conversation between this defendant and the plaintiff." We think that the ruling of the court was harmful error. Usually, the fact that the defendant in a case like this has indemnity insurance on his automobile is immaterial and the jury should not be informed of the fact, but where the defendant, in a conversation with the plaintiff after the collision between the cars of the two parties, tells the plaintiff that he (the defendant) has insurance on his car and it is up to them (the insurance people) "to fix it up;" and where this statement is a part of the conversation between the plaintiff and the defendant, and the defendant has already testified to a portion of the conversation, the plaintiff, on the cross-examination of the defendant, is entitled to elicit from him the rest of the conversation, no matter how damaging to the defendant that elicitation may be. Moreover, the defendant had given to the jury his version of the conversation, and had testified that that was all that was said. Therefore, the plaintiff had the right to a thorough and sifting cross-examination of the defendant, and to elicit from him, if possible, that other statements were made in the conversation. If the defendant had been allowed to answer the question he might have admitted making the statement about having insurance on his car and telling the plaintiff it was up to the insurance people to fix it up. Such an admission would have tended to show that the plaintiff did not deny liability for the damage to plaintiff's car, but that he merely told the plaintiff that it was up to the insurance company to fix up the plaintiff's car. "Acquiescence or silence, when circumstances require an answer or denial or other conduct, may amount to an admission." Code, § 38-409. Furthermore, if the question propounded had been answered in the affirmative, the testimony elicited from the defendant would have tended to discredit his prior testimony that his version of the conversation, as related to the jury, contained "all that was said" in the conversation, and to discredit him as a witness. Under the above-stated facts and the authorities cited in the preceding headnotes, the court erred in refusing to allow the witness to answer the question.

4. Another ground of the motion for new trial complains that after one of the defendants had testified and given his version of the conversation between him and the plaintiff, the plaintiff was recalled to the stand for the purpose of giving his version of the

conversation, his counsel stating to the court that he had "a right to show the whole conversation," and that the court refused to allow him to so do. Under the ruling in headnote 2, and the facts of the case, such refusal was prejudicial error.

5. The remaining special assignment of error shows no cause for a new trial; and the sufficiency of the evidence to support the verdict is not now passed on.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*