THE STATE OF OHIO, APPELLEE, *v.* MINAMYER, APPELLANT.

[Cite as State v. Minamyer, 12 Ohio St. 2d 67.]

(No. 40892—Decided December 6, 1967.)

APPEAL from the Court of Appeals for Columbiana County.

*Mr. J. Warren Bettis,* prosecuting attorney, and *Mr. Charles B. Lang,* for appellee.

*Mr. Jack H. Cohen,* for appellant.

MATTHIAS, J. In this case, the appellant had filed charges against two persons for allegedly stealing his automobile. Those persons, when apprehended, confessed to having committed acts of sodomy with the appellant on the night the alleged car theft

occurred. All three were accused of sodomy, but the sodomy charges against the alleged car thieves were never pressed.

The basic and dispositive question raised by this appeal is whether the prosecuting attorney during the trial of an accused may testify or comment upon the fact that an accused refused to testify before the grand jury in relation to charges filed by him against his codefendants.

At the grand jury hearing on the charges of car theft, appellant in this case refused to testify upon being advised by counsel not to do so. During the course of the trial, the prosecuting attorney took the witness stand and testified to this fact. Upon objection, the court instructed the jury that such testimony was not proper and should be ignored. It is appellant's contention that such instruction could not cure the error of the state in this respect.

It is the prosecuting attorney's position that such testimony was not objectionable. He argues that appellant was not called before the grand jury to testify in relation to the charge against him but as to the charge which appellant himself had filed against his codefendants relating to their theft of appellant's automobile. The automobile theft charge was but a part of the chain of events occurring on the night of the crime.

The privilege against self-incrimination extends to proceedings before the grand jury. *Stevens* v. *Marks,* 383 U. S. 234, and *Hebebrand* v. *State,* 129 Ohio St. 574. The question in any such case is whether the testimony could have prejudiced the accused.

The fact that the testimony of an accused before a grand jury was sought in relation to a crime in which he is the prosecuting witness rather than the crime for which he is the accused does not necessarily affect the right of the accused to refuse to testify. If the crime concerning which a prosecuting witness is called to testify arose during the same chain of circumstances as the crime of which he is accused and such testimony might prejudice his own case, the accused has the right to invoke his constitutional privilege against self-incrimination and refuse to testify.

The implications of the prosecuting attorney's statement as

to the refusal of the appellant to testify in relation to charges which he had filed against his codefendants could very well prejudice the jury against the accused. It is the refusal to testify rather than the subject matter of the refusal which would impress the minds of the jurors.

In the case of *Griffin* v. *California,* 380 U. S. 609, it was held that comment by a prosecuting attorney upon the failure of an accused to testify during his trial violated the accused's privilege against self-incrimination. To permit a prosecuting attorney to comment upon the refusal of an accused to testify before a grand jury would have equally prejudicial effects and to allow such comment would completely circumvent an accused's constitutional privilege against self-incrimination. Therefore, in a criminal prosecution a prosecuting attorney may not testify as to or comment upon the refusal of the accused to testify before the grand jury.

The instructions of the court to the jury that it should disregard such testimony does not cure the error by the state. *State* v. *Davis,* 10 Ohio St. 2d 136.

Upon this basis alone, the judgment of conviction must be reversed and this cause remanded for a new trial.

Inasmuch as this cause must be retried, we will examine the other errors assigned by appellant.

Appellant contends that his constitutional rights were infringed because he was denied a preliminary hearing. This argument is without merit. There is no constitutional right to a preliminary hearing, such hearing being purely a creature of statute. The purpose of the preliminary hearing is set forth in *White* v. *Maxwell,* 174 Ohio St. 186, where this court said, at page 188:

"* * * The purpose of a preliminary hearing in Ohio is merely what the term implies. It is not to hear all the evidence and determine the guilt or innocence of the accused but rather to determine whether sufficient evidence exists to warrant binding the accused over to the grand jury, where, after a more thorough investigation of the evidence, it is then determined whether a formal charge shall be made against the accused. This together with the setting of bail in bailable offenses is the purpose of the preliminary examination. No rights or defenses are

lost for failure to have such hearing. Once an indictment is returned against an accused, a plea to such indictment obviates the necessity for preliminary examination. 4 Wharton's Criminal Law and Procedure, 287, Section 1619; annotation, 116 A. L. R., 550. * * *'' See, also, *Crider* v. *Maxwell,* 174 Ohio St. 190.

In the instant case, there was sufficient evidence for the grand jury to indict appellant and for the jury to convict him. Denial of the preliminary hearing did not prejudice appellant.

Appellant argues also that the trial court erred in admitting certain evidence in relation to similar acts of the accused under Section 2945.59, Revised Code. The acts here in question are not so remote as to bar their use; all occurred within ten months of the crime for which appellant was indicted and were of such a nature that they would indicate a course of conduct which would show a scheme, plan or system in doing the act in question by the appellant. The admission of such evidence was not error. *State* v. *Shively,* 172 Ohio St. 128; *State* v. *Harmon,* 107 Ohio App. 268.

Appellant's final assignment of error relates to the testimony of the codefendants of appellant. This goes primarily to the weight of the evidence, a matter which is not considered by this court.

*Judgment reversed*

TAFT, C. J., ZIMMERMAN, O'NEILL and BROWN, JJ., concur.

HERBERT, J., concurs in paragraph two of the syllabus and in the judgment.

SCHNEIDER, J., concurs in the judgment.