THE STATE OF OHIO, APPELLEE, *v.* PACKER, APPELLANT.

[Cite as State v. Packer, 16 Ohio App. 2d 171.]

(No. 1219—Decided January 2, 1969.)

*Mr. James W. Carpenter*, for appellant.
**Mr. Robert O. Stout**, prosecuting attorney, for appellee.

GUERNSEY, P. J. On January 22, 1956, in case number 3847 in the Common Pleas Court of Marion County, Duane C. Packer, defendant in that case and appellant herein, following a plea of guilty while represented by counsel, was convicted and sentenced for not less than 20 years on a count of abducting for the purpose of extortion, for from 5 to 30 years on a count of conspiracy to abduct, and for life on a count of malicious entry of a bank, the sentences to be served concurrently. On February 10, 1956, Packer was conveyed to the penitentiary to begin serving these sentences. Thereafter, on his appeal from the conviction, it was determined in case number 1131 in this court, on the authority of *State* v. *Cimpritz*, 158 Ohio St. 490, that the count of malicious entry was void because it did not state facts constituting a crime. On April 10, 1962, this court rendered its judgment setting aside the conviction and sentence to life imprisonment and discharging the appellant from further prosecution or imprisonment on the invalid count, without prejudice, however, to his being properly indicted and tried. The appellant continued to serve his concurrent sentences on the two other counts of his indictment.

On May 11, 1962, appellant was again indicted for malicious entry of a bank, the indictment being for the same criminal act on which the invalid count had been based, and was convicted after a full trial with the assist-

ance of appointed counsel. On July 26, 1962, in case number 4332 in the Common Pleas Court of Marion County, that court sentenced him to life imprisonment, but provided that the sentence was to be served consecutively with the sentences he was still serving from his 1956 conviction. No appeal as of right was filed from the 1962 conviction.

Thereafter, appellant sought post-conviction relief from the 1962 conviction on the ground that the constitutional inhibition against double jeopardy prevented him from being tried a second time for the same offense. Post-conviction relief was denied by the trial court and on appeal therefrom in case number 1195 in this court, the judgment of the trial court was affirmed on June 23, 1967, on the authority of *State* v. *Perry*, 10 Ohio St. 2d 175, on the ground that this issue could have been raised at the trial or on an appeal from the conviction but was not subject to review in the post-conviction proceeding.

Subsequently, appellant filed motion for leave to appeal from his 1962 conviction on the grounds that he was not, as an indigent, provided with counsel to perfect an appeal as of right therefrom, nor was he advised, nor did he know, of his rights to do so. This motion was granted, and appellant is now before this court, with counsel.

Having abandoned all other assignments of error respecting his 1962 conviction, appellant assigns as error that "the trial court's failure to give appellant credit for time served under the 1956 conviction operates to deny the appellant due process and equal protection of the laws as provided by the Fourteenth Amendment to the United States Constitution."

Appellant's basic argument is not that the maximum sentence under the 1962 conviction is any longer or more severe than was the sentence for malicious entry of a bank under the 1956 conviction, because the life sentence under the latter must, of necessity, be equivalent to the life sentence under the former, but he argues, instead, that the latter sentence is more severe and constitutionally improper because, in its application and effect on his eligibility for parole, it deprives him of the time already served on the

count of malicious entry of a bank under the 1956 conviction. Appellee's basic arguments are that parole is not a matter of right, but is within the sole discretion of the adult parole authority over which the courts have no control; that the trial court had the authority to administer a consecutive sentence; and that the time already served by the appellant was being served on the valid counts of the 1956 conviction.

We observe at the outset that the phrase "eligibility for parole," as used by the appellant and as appearing in many of the parole statutes, is not an accurate phrase. In view of the fact that there is no right to be paroled, and that the granting of parole is within the discretion of the adult parole authority, the right, if any, with which we are here concerned, is the right of eligibility *to be considered* for parole.

It should also be observed that while this court set aside the original judgment of conviction and sentence for malicious entry of a bank as being *void* on the authority of *State* v. *Cimpritz*, 158 Ohio St. 490, we now have to recognize that the Supreme Court has explained and distinguished that case in *Midling* v. *Perrini, Supt.*, 14 Ohio St. 2d 106, wherein Chief Justice Taft, in an opinion receiving the unanimous concurrence of the other members of the court, states that, with reference to paragraph six of the syllabus of the *Cimpritz case*, it would have been sufficient for the court to have used the word "voidable" instead of "void." It necessarily follows that it would have been sufficient for this court, in Marion County Case No. 1131, to have also used the word "voidable" instead of "void" when it set aside the appellant's 1956 conviction for malicious entry of a bank. We will, therefore, in the balance of this decision consider the judgment of conviction and sentence on the defective count to have been voidable and not void. That being the case, there can be no question that until the same was set aside the appellant was actually serving time on an existing, but voidable, sentence rather than serving (except for the existence of the remain-

ing valid counts and sentences) wholly "dead" time on a void and nonexistent sentence.

Under the provisions of Sections 2941.40 and 2941.43, Revised Code, as they existed in 1962, the 1962 sentence had to be served consecutively with the 1956 sentences. In pertinent parts those statutes provided:

Section 2941.40. "A convict in the penitentiary * * * against whom an indictment * * * for felony is pending, may be removed to the county in which such * * * indictment * * * was pending, for * * * trial * * *."

Section 2941.43. "If the convict referred to in Section 2941.40 of the Revised Code * * * is sentenced to imprisonment in the penitentiary, he shall be returned thereto by the sheriff and the term of his imprisonment shall begin at the expiration of the term for which he was in prison at the time of his removal. * * *."

Section 2941.43 was amended in 1965 (131 Ohio Laws 679) so that the second sentence now reads:

"If he is sentenced to imprisonment in the penitentiary, he shall be returned thereto by the sheriff and his new term of imprisonment shall, at the direction of the court, begin at the expiration of the term for which he was in prison at the time of his removal or run concurrently with such term, except as otherwise provided in Section 2901.11 of the Revised Code."

These statutes relate only to the actual running of sentences and have no relation to eligibility for consideration for parole, which is now determined, in the circumstances of this case, by the applicable provisions of Sections 2967.25 and 2967.13, Revised Code. Compare repealed Sections 2965.35 and 2965.23, Revised Code, and *Sager* v. *Haskins, Supt.*, 1 Ohio St. 2d 88. Section 2967.25 now provides in pertinent parts:

"A person serving several indeterminate sentences consecutively shall become eligible for parole upon the expiration of the aggregate of the minimum terms of his several sentences * * *. Where the aggregate of the minimum terms is longer than fifteen years, eligibility for parole

shall be determined in accordance with Section 2967.13 of the Revised Code. For the purpose of this section, a person is serving consecutive sentences whenever any of the following occur:

"(A) A court specifies that any sentence begin at the completion or expiration of another sentence;

"* * * *"

Section 2967.13 now provides in pertinent part:

"A prisoner serving a sentence of imprisonment for life for a crime other than treason or murder in the first degree, or a prisoner sentenced for a minimum term or terms, whether consecutive or otherwise, of imprisonment longer than fifteen years, shall become eligible for parole at the expiration of ten full years' imprisonment.

"* * * *"

By the application and operation of Sections 2967.25 and 2967.13, had appellant's 1956 life sentence not been set aside, he would have been eligible to be considered for parole on February 10, 1966, at the expiration of ten full years' imprisonment. The setting aside of the 1956 life sentence and the imposition thereafter of the 1962 life sentence did not change this eligibility date, for by the terms of imprisonment thus and thereafter existing of not less than 20 years for abducting for the purpose of extortion, of 5 to 30 years for conspiracy to abduct, and of life for malicious entry of a bank, the appellant was serving minimum terms of imprisonment, consecutive or otherwise, of longer than fifteen years and became eligible to be considered for parole at the expiration of ten full years' imprisonment commencing on the date of his original commitment, i. e., appellant became so eligible on February 10, 1966. We must conclude from this that the requirement of Section 2941.43 that the 1962 sentence be served consecutively, and the purported implementation thereof in the journal entry of judgment and sentence by the recital that the sentence should be so served, did not in any manner prejudice the appellant's eligibility to be considered for parole. Both under the sentence which was set aside and under the 1962 sentence, by application of Section 2967.03,

Revised Code, the head of the institution in which the appellant was confined was required to notify the Adult Parole Authority of the appellant's eligibility on February 10, 1966, for consideration for parole.

What constitutional provision would then be violated by the trial court by not providing, in imposing the 1962 life sentence, that the time already served by the appellant on the 1956 life sentence should be credited on the 1962 life sentence? By statutory fiat the minimum sentence for the crime for which appellant was convicted in 1962 was life, and by operation of God and nature the same was also the maximum sentence for that crime. Six years and two months credit on a life sentence could in no way shorten it, nor would the failure to give such credit in any manner lengthen it. We are fully aware of the line of conflicting federal decisions pertaining to the effect of the failure to give credit on a valid sentence for a term of years for time served for the same criminal act under a previous sentence which has been set aside. See, for example, *Marano* v. *United States* (C. C. A. 1, 1967), 374 F. 2d 583; *Starner* v. *Russell* (C. C. A. 3, 1967), 378 F. 2d 808; *Patton* v. *North Carolina* (C. C. A. 4, 1967), 381 F. 2d 636; and *United States* v. *White*, 7th C. C. A. (1967). See also *People* v. *Ali* (1967), 66 Cal. 2d 277, 424 P. 2d 932. We also have examined many other cases dealing with double jeopardy in its various concepts, including the concept of double punishment. We find, however, that when the aggregate of the minimum sentences being served consecutively or otherwise is life imprisonment and where the right of eligibility to be considered for parole is not prejudiced a defendant in a criminal case is not deprived of any constitutional rights by the trial court's sentencing him to life imprisonment, to be served consecutively with earlier valid sentences still being served, without giving the defendant credit for the time served on an earlier life sentence for the same crime which had been previously set aside.

Notwithstanding that there was no statutory or constitutional requirement that the trial court give appellant credit for the time already served this would not preclude

the Adult Parole Authority, when exercising its discretion in determining whether appellant should be paroled, to take into consideration the time served on the sentence which was set aside. We note that the Legislature has provided by Section 2967.191, Revised Code, effective October 20, 1965 (131 Ohio Laws 688), that the adult parole authority may, on the circumstances therein set forth, reduce the minimum sentence of a prisoner by the time confined in certain places of confinement other than the penitentiary after a verdict or plea of guilty and before commitment. It would seem that this clearly shows a legislative policy that "dead" time after conviction might be minimized.

We find no error prejudicial to the appellant in the particulars assigned and argued.

*Judgment affirmed.*

COLE and YOUNGER, JJ., concur.