App. 129; *Rheinheimer* v. *Aetna Life Insurance Co.*, 77 Ohio St. 360; *New York Life Insurance Company* v. *Hoffman*, 218 F. 2d 465, C. A. 6 (Ohio).

We conclude from a review of the Ohio cases that the cause of death or disability under insurance policies such as is the subject of the action in the case at bar is a question of fact to be determined by the particular facts of each case. The facts of the case now before us are not unlike other Ohio cases referred to above where the questions of the cause of death or disability were submitted to the jury. Whether the trial judge applied Ohio law or California law, the result would have been the same.

Finally, we find no merit to the claim that the trial judge erred in denying appellant's motion to amend the findings of fact.

The judgment of the District Court is affirmed.

*Judgment affirmed.*

THE STATE OF OHIO *v.* MEEKER.

(No. 5493—Decided May 21, 1969.)

Common Pleas Court of Lake County.

*Mr. Fred V. Skok*, prosecutor, and *Mr. Leo J. Talikka*, for plaintiff.

*Mr. William W. Weaver* and *Messrs. Zettelmeyer, McCarter & Weaver*, for defendant.

SIMMONS, J. Defendant has moved the court for the following orders:

(1) For an order requiring the state to hold a preliminary hearing, claiming that otherwise his plea of "guilty" to the Painesville Municipal Court on June 21, 1963, will be offered in evidence against him.

(2) For an order prohibiting the state from trying him on any charge other than "unarmed robbery." The recent session of the Grand Jury has indicted him on four counts, armed robbery, theft of a motor vehicle, cutting with intent to wound and assault with attempt to rob. This motion is treated as a motion to quash all four counts of the indictment;

(3) For an order crediting him with time served in prison under the vacated sentence.

After considering the motions, supporting and opposing briefs, the record and the law, Motion No. 1 is overruled, Motion No. 2 is sustained in part and overruled

200

in remainder and Motion No. 3 is sustained. Counts 2, 3 and 4 of the indictment are quashed and defendant must appear before this court and enter his plea to the first count. Exceptions noted to both parties.

IT IS SO ORDERED.

(1) A criminal defendant has no constitutional right to a preliminary hearing and the state may go directly to the Grand Jury for an indictment without providing one. *State* v. *Minamyer*, 12 Ohio St. 2d 67. Further, a plea of guilty to a felony in municipal court, without benefit of legal counsel, is inadmissible at trial. *State* v. *Stetson*, 10 Ohio St. 2d 64. Thus, the state cannot refer to this guilty plea in any way that brings it to a jury.

(2) Defendant was originally charged with "armed robbery" in 1963 upon an information containing only the one count. He plead "guilty." Five months later he was allowed to substitute a plea of "guilty" to the lesser and included offense of "unarmed robbery" and was sentenced. This court vacated his sentence in March of this year and returned him from the Ohio State Reformatory to stand trial upon a new information or indictment. Last month he was indicted as described.

In asking that all counts of the indictment be quashed defendant relies on federal decisions holding, generally, that a defendant must be free to contest an unlawful conviction without fear of reprisal or punishment. *Patton* v. *North Carolina*, 381 F. 2d 636; *Marano* v. *U. S.*, 374 F. 2d 583; *Hetenyi* v. *Wilkins*, 348 F. 2d 844; *U. S.* v. *Russell*, 260 F. Supp. 265.

These cases are not applicable on their facts for they involve state or federal action which is clearly prohibited, *i. e.*, double jeopardy and punitive sentencing.

In *Hetenyi* a jury convicted the defendant of a lesser and included offense to the indicted charge. After the conviction was reversed he was retried on the same indictment and convicted. The court said that double jeopardy was involved, that the first jury impliedly acquitted him of the indicted offense by convicting him of the lesser charge and he could not then be retried upon the more serious offense,

The *Patton, Marano* and *Russell cases* each involved a harsher sentence after a second conviction upon the same charge as before.

This case involves neither situation. Defendant has never been tried, so has not been impliedly or explicitly acquitted of anything. And if it turns out that he receives a harsher sentence than before it will not be a punitive action but a result dictated by the statute applying to "armed robbery."

While the facts of the cited federal cases are not pertinent to this case, the principle of justice they espouse is. This defendant has the absolute right to challenge a constitutionally-invalid conviction free of the threat and fact of punishment. Is this right violated in *Meeker's case* by permitting the state to try him for armed robbery? It is not!

Is the right violated by permitting the state to try him for the new charges, counts 2, 3 and 4? Yes, it is!

Plea bargaining before trial is a proper and useful technique which promotes the interests of both the state and the defendant. Quite commonly a prosecutor will recommend a reduction of the indicted charge in exchange for a plea of "guilty" to something less.

Suppose after pleading "guilty" upon such an agreement, the defendant changes his mind the next day, after the plea is journalized. There is no question that he would be permitted to withdraw his plea. Having done so what prosecutor would not then proceed to trial on the indicted charge? And what court would say that he violated any right of the defendant's by doing so?

Or suppose the case of a like arrangement providing for a plea to a dissimiliar lesser charge, one not included within the indicted offense. The practice is that defendant pleads to an information containing the new charge and the indictment is nolled. Suppose this defendant withdraws his plea after journal entries have been filed. Is any right of his abused by reinstating the indictment and proceeding to trial upon the original charge?

This defendant is not "punished" by being required to stand trial on the original charge of "armed robbery."

It makes no difference in principle that his plea was set aside years rather than days after it was entered. And it makes none in practice since this order gives him credit against any future sentence for prison time already served.

The new charges of the indictment stand upon a different footing. Defendant had no reason to anticipate them, unlike the first count, and had he known they would be lodged he may have been induced not to claim his rights here. These charges may have been justified had they been unrelated to the first count, separate and distinct incidents. But they all stem from the same incident on April 26, 1963. Their appearance in the indictment suggests a punitive purpose which cannot be tolerated.

(3) Defendant's request for credit against any future sentence is premature, as the mere statement of it shows. However, there is a practical advantage to both sides knowing now what I intend doing upon a plea or conviction. Credit must be ordered for prison time served upon the original sentence. *Patton* v. *North Carolina, supra.*

I will order it, notwithstanding the opinion in *State* v. *Packer*, 16 Ohio App. 2d 171, that there is no statutory or constitutional requirement that I do so. I believe *Patton* requires it and that the denial of it works a serious injustice to prisoners, restraining some who have legitimate constitutional complaints from voicing them.

The practical effect of such an order of credit is limited. As stated in *Packer*, the credit would establish defendant's eligibility for parole, not his right to it. That rests within the sole discretion of the adult parole authority.

*Judgment accordingly.*