THE STATE OF OHIO, APPELLEE, *v.* CRISSMAN APPELLANT.

[Cite as State v. Crissman (1971),
31 Ohio App. 2d 170.]

(No. 913—Decided June 25, 1971.)

*Mr. G. William Brokaw*, prosecuting attorney, for appellee.

*Mr. Bernard Fineman* and *Mr. George A. Aronson*, for appellant.

LYNCH, J. Defendant, appellant herein, is appealing his conviction by a jury of the crimes of incest, prohibited by R. C. 2905.07, with his daughter Judy Crissman, and of having carnal knowledge of Judy Crissman, a female under sixteen, with her consent, contrary to R. C. 2905.03. Both crimes were alleged to have been committed on March 2, 1967. Defendant was sentenced from one to ten years on the incest charge and from one to twenty years on the statutory rape charge, with the sentences to run consecutively. Defendant had been previously convicted on the same charges, but the trial court set aside the former conviction and granted a new trial because of errors of law occurring at the first trial.

Defendant, age 39, is married and the father of seven children. The Crissman family had resided in Brownsville, Pennsylvania, before October, 1966, when defendant came to Wellsville in search of a better job. He obtained employment as a route man for Nickles Bakery, and moved into the home of his mother in Wellsville. He brought Judy, then age 13, to live with him, but the rest of the family remained in Brownsville until about January 25, 1967, when defendant's wife and the rest of the family moved to a home in Wellsville.

Judy Crissman testified that on the evening of March 2, 1967, her mother and sister, Barbara, left home between 9 and 9:30 p. m. to visit her uncle Art, and that approximately five minutes later her father, the defendant, had sexual intercourse with her on the couch in the living room. She further testified that defendant had had sexual intercourse with her two times previously. The first time was in a car in October, 1966, when she was thirteen years old. The other time was sometime between October, 1966, and the first of February, 1967.

Prior to the trial, defendant filed a notice of alibi on

the prosecuting attorney that at the time of the alleged offenses on March 2, 1967, he was at the home of his brother, Arthur Crissman, in Wellsville, Ohio. Defense witnesses testified that on March 2, 1967, defendant along with his wife, his daughter, Barbara, and his youngest son, Gary Norman, left home between 7 and 7:30 p. m. and visited his brother and sister-in-law, Mr. and Mrs. Arthur Crissman, until approximately 11:30 p. m. when they returned home, and that his son and daughter-in-law, Kenneth and Karen Crissman, watched the remaining children, including Judy, while defendant and his wife were away from home.

Mrs. Mary Kay Thomas, a neighbor of defendant, testified that on the evening of March 2, 1967, defendant's wife and daughter, Barbara, left home about 8:45 p. m., but that she did not see defendant leave with them.

Defendant's first assignment of error concerns the testimony of Judy Crissman that after her mother moved to Wellsville, she told her mother about her father having sexual intercourse with her. Since defendant first had sexual intercourse with Judy in October, 1966, and Mrs. Crissman moved to Wellsville in January, 1967, approximately three months had elapsed before Judy told her mother about her father having sexual intercourse with her.

The law in Ohio is that in a prosecution for rape, where the injured party has testified, her declarations with reference to the offense, made immediately after the offense was committed, although not admissible as substantive testimony to prove the commission of the offense, are competent as evidence of, or to contradict the testimony of the injured party. *McCombs* v. *Ohio,* 8 Ohio St. 643; *Johnson* v. *State,* 17 Ohio Reports 593; 46 Ohio Jurisprudence 2d 610-611, Rape, Section 18.

Where a delay occurs between the time the rape takes place and the time the declaration is made, evidence of sufficient cause for such delay is required before such declarations are admissible. *Dunn* v. *State,* 45 Ohio St. 249; 46 Ohio Jurisprudence 2d 612, Rape, Section 19.

In the instant case, Judy Crissman's mother did not testify so that we do not have the problem of the admis-

sion of hearsay evidence in this case, which was the situation in all the other cases that have come to our attention.

We question whether cases such as *Dunn* v. *State*, 45 Ohio St. 249, are applicable to this assignment of error because this testimony was not from a person who heard the declaration of the injured party but from the injured party, who stated that she told her mother the first time her father had sexual intercourse with her approximately three months after it happened, without giving any specific details as to what happened.

However, even if the *Dunn* case is applicable to the instant case, there was evidence that Judy Crissman's mother was living in Brownsville, Pennsylvania, from the time that defendant first had sexual intercourse with Judy until approximately January 25, 1967, when Mrs. Crissman came to Wellsville. We agree with the trial court's conclusion that Judy Crissman did not have an opportunity to talk to her mother immediately after the offense and could not talk to her mother until her mother came to Wellsville, and that this was a sufficient explanation as to why Judy did not tell her mother immediately after the offense took place to permit the admission of this testimony. Therefore, we find defendant's first assignment of error without merit.

Defendant's second assignment of error is that the trial court erred when it refused to interrogate the jury on the second day of trial regarding the following newspaper article which appeared on page 11 of the East Liverpool Review in the edition for the night of the first day of trial;

"Lisbon Retrial Starts.

"Lisbon—Retrial of Albert Crissman of Coal Hollow Rd., Wellsville, charged with incest and statutory rape of a girl 14, began this morning before a Common Pleas Court jury.

"Indicted by the April 1967 grand jury, Crissman was convicted by a jury last March 27. Judge Raymond S. Buzzard sustained a motion for a new trial filed by defense counsel Bernard Fineman of East Liverpool." Plaintiff's Exhibit 1.

Prior to the commencement of any of the trial proceedings, the trial court had a conference with counsel for both parties, and it was agreed that no mention of defendant's conviction in his first trial would be made without a request of counsel. At the close of the hearing on the first day, the trial court specifically instructed the jury not to read any account of this trial in the newspaper.

On the morning of the second day of trial, counsel for defendant called the attention of the trial judge to the above mentioned newspaper article and requested the court to interrogate the jury as to whether any of the jurors had read this newspaper article, and the trial judge overruled this request.

Where the jury has been clearly admonished not to read newspaper accounts of the trial, the granting or denial of a request by an accused that the jurors be interrogated during the trial as to whether they have read newspaper accounts or headlines rests in the sound discretion of the trial court. *State* v. *Hilliard,* 89 Ariz. 129, 359 P. 2d 66; *State* v. *Zeler,* 230 Minn. 39, 41 N. W. 2d 313, 15 ALR 2d 1137; *Kitts* v. *State,* 153 Neb. 784, 46 N. W. 2d 158; 24 Corpus Juris Secundum 113, Criminal Law, Section 1449 (4); annotation, 15 A. L. R. 2d 1152 and supplement.

The trial judge has a large discretion in ruling on the issue of prejudice resulting from the reading by jurors of news articles concerning a trial. *Marshall* v. *United States,* 360 U. S. 310 at 312.

Whether the seeing or hearing of articles in newspapers by jurors is a ground for a new trial is largely a matter for the discretion of the trial court, and turns on the special facts in each case and whether or not the accused was prejudiced. 24 Corpus Juris Secundum 110, Criminal Law, Section 1449 (4).

The closest case to the facts in this assignment of error that has come to our attention is *State* v. *Adamo,* 128 Wash. 419, 223 P. 9, which held that a new trial is not required because a newspaper report of a former trial and conviction of an accused is read by one or more of the jurors, where the article only reported the result of the

trial and expressed no opinion as to the guilt of the accused. See *Gicinto* v. *United States* (C. C. A. 8), 212 F. 2d 8, *cert. denied* 348 U. S. 884.

We find that the newspaper article at issue in the instant case is a factual recital of what happened at the prior trial without falsification, unfair or inflammatory elaboration or distortion. We agree with the trial court that the newspaper article was not prejudicial to the defendant and that the statement that a new trial had been granted by the trial court would nullify any inference that defendant was guilty because of his previous conviction by a jury. Moreover, during the trial, defendant's counsel attempted to impeach the prosecution witnesses by reference to what the witnesses had said at a previous appearance in court. While doing this, extracts from the testimony of the particular witness at the former trial were read, presumably from a transcript of the testimony of the first trial. Therefore, the jury could have easily concluded that there had been a previous trial.

In our opinion, the trial court did not abuse his discretion in overruling defendant's motion to interrogate the jury concerning this newspaper article. Therefore, we find defendant's second assignment of error without merit.

Defendant's third, fourth, fifth and sixth assignments of error arise out of the cross-examination of defendant's alibi witnesses by the prosecuting attorney and the calling of defendant's counsel as a witness for the state on rebuttal.

The prosecuting attorney cross-examined defendant's alibi witnesses as to whom they talked concerning defendant's whereabouts on the night of March 2, 1967, and whether they ever went to the juvenile authorities or prosecutor's office or volunteered to come before the grand jury to testify as to defendant's whereabouts on the night of March 2, 1967.

Defendant's fourth assignment of error states that it was error to permit the prosecuting attorney to inquire into whether any of the defense witnesses had testified

before the grand jury and whether defendant's counsel had furnished a list of defendant's alibi witnesses to the prosecuting attorney so they could testify before the grand jury. Defendant cites no authority to back up this assignment of error and none has come to our attention. The prosecuting attorney's questions did not go into what happened while the grand jury was in session but whether any of the defense witnesses had testified before the grand jury. We hold that this assignment of error has no merit.

Kenneth Crissman, one of defendant's alibi witnesses, testified that he had told James Miller, the juvenile officer, about defendant's whereabouts on the night of March 2, 1967. The prosecuting attorney called Mr. Miller as a rebuttal witness, and Mr. Miller denied that Kenneth Crissman had talked to him prior to trial. On cross-examination, defendant's counsel extensively examined Mr. Miller concerning the preliminary hearing in juvenile court, and whether Mr. Miller had interviewed any of defendant's alibi witnesses and subpoenaed such alibi witnesses to appear before the grand jury.

The prosecuting attorney then called defendant's counsel to the witness stand as a rebuttal witness for the state and elicited his testimony that no alibi was filed in the juvenile court; that only Judy Crissman testified at the preliminary hearing in juvenile court; and that no list of defendant's alibi witnesses was submitted to the prosecuting attorney before the grand jury met.

Defendant's fifth assignment of error states that the question asked of defendant's counsel by the prosecuting attorney as to whether anyone, other than Judy Crissman, testified at the preliminary hearing in juvenile court in effect was a comment by the prosecuting attorney upon the failure of the defendant to testify at the preliminary hearing.

In a criminal prosecution a prosecuting attorney may not comment upon the failure of the accused to testify at the preliminary hearing. State v. Davis, 10 Ohio St. 2d 136. See State v. Minamyer, 12 Ohio St. 2d 67.

In the instant case, the prosecuting attorney made no comment on the fact that defendant did not testify at the preliminary hearing in juvenile court, and the trial court instructed the jury that the defendant was under no obligation to testify at the preliminary hearing in juvenile court, and that the jury was to draw no inferences whatsoever by reason of the fact the defendant did not testify at such hearing.

Defendant's counsel first opened up the question of what happened at the preliminary hearing in juvenile court in his cross-examination of Mr. Morris, and we agree with the trial court's finding that the prosecuting attorney then had the right to examine this area and that if there were rights of defendant violated by the action of the prosecuting attorney, it was brought about by the aggressive and wide-ranging cross-examination of the state's witness by defense counsel.

Evidence by way of explanation or rebuttal may be made competent by the evidence introduced by the other side. *Martin* v. *State*, 17 C. C. 406; 4 Ohio Jurisprudence 2d 131, Appellate Review, Section 899.

We hold defendant's fifth assignment of error to be without merit.

Defendant's sixth assignment of error is that the trial court committed prejudicial error in allowing the prosecuting attorney to call defendant's counsel as a witness for the state on rebuttal which thereby deprived the defendant of his constitutional right to the assistance of counsel, denied him due process of law, and prevented him from having a fair trial.

In the instant case, defendant had already testified before his counsel was called to testify as a witness for the state on rebuttal. We find that defendant's counsel did not testify to any confidential communications between the defendant and himself.

Under R. C. 2317.02 (A), if the client voluntarily testifies, the attorney may be compelled to testify on the same subject. *Duttenhofer* v. *State*, 34 Ohio St. 91 held that inasmuch as an earlier enactment of this provision of R.

C. Section 2317.02 (A) was in the Code of Civil Procedure and did not appear in the Code of Criminal Procedure, such provision was inapplicable to criminal prosecutions. However, in 1929, R. C. 2945.41 was enacted (113 Ohio Laws 185), and it provides as follows:—

"The rules of evidence in civil causes, where applicable, govern in all criminal causes."

Therefore, it would seem that the privilege as to communications between attorney and client may be waived by the client voluntarily testifying in his own behalf in criminal, as well as civil, actions. 56 Ohio Jurisprudence 2d 704, Witnesses, Section 279.

We conclude that in Ohio if the defendant in a criminal case voluntarily testifies, his attorney may be compelled to testify on the same subject unless barred by constitutional rights of the defendant.

In *Peoples* v. *Lathrom*, 192 Cal. App. 2d 216, 13 Cal. Rptr. 325, 88 A. L. R. 2d 785, defendant was held to have been deprived of his constitutional right to counsel where the prosecuting attorney called defendant's counsel to the stand as a witness for the prosecution for the purpose of establishing the motive for the crime. In the *Lathrom* case, defendant's counsel was extensively examined over a considerable period of time and his testimony covered fifty pages of transcript.

In the instant case, the prosecuting attorney limited his questioning of defendant's counsel to matters within counsel's knowledge, independent of any communication with defendant, and asked relatively few questions and the questions were in the way of rebuttal or explanation of matters brought out by defendant's counsel in his cross-examination of Mr. Miller. As the trial court pointed out, defendant's attorney opened up areas of questionable relevancy in his cross-examination of James Miller.

Where inadmissible, immaterial or irrelevant evidence has been admitted in behalf of one party, similar evidence may be admitted to rebut it. *John* ———— v. *State*, 5 C. C. (N. S.) 200; *State* v. *Cox*, 107 Ohio App. 297; 15 Ohio Jurisprudence 2d 549, Section 375.

We hold that as a matter of good practice, the use of defense counsel as a witness for the state should be avoided where at all possible in criminal cases; however, situations develop where circumstances justify such use of defense counsel as a witness for the state for limited purposes.

We conclude that the state was entitled to rebut and explain the irrelevant testimony developed by defendant's attorney in his cross-examination of Mr. Miller. We feel that defendant's attorney delved into the proceedings of the preliminary hearing in juvenile court in which he participated in such a way that it was a logical maneuver for the prosecuting attorney to call defense counsel as a rebuttal witness.

We hold that the use of defense counsel as a witness for the state under the facts of this case was within the sound discretion of the trial court. We do not think that the trial court abused his discretion under the facts of this case in allowing the prosecuting attorney to call defendant's counsel as a witness for the state on rebuttal.

We hold defendant's sixth assignment of error to be without merit.

Defendant's seventh assignment of error is that the verdict of the jury and the judgment are against the manifest weight of the evidence and contrary to law. We have reviewed the record of this case. The evidence is in conflict, but there was sufficient evidence to support the verdict of the jury. We find this assignment of error without merit.

We have considered defendant's third assignment of error and find it without merit.

This is the second time that defendant has been tried and convicted for the same offenses. This case was well tried with both sides represented by experienced and competent counsel, and the case was thoroughly briefed before this court. Our conclusion is that defendant had a fair trial.

*Judgment affirmed.*

O'NEILL, P. J., and JOHNSON, J., concur.