## 56365. RAY v. GALLANT-BELK COMPANY OF ELBERTON.

DEEN, Presiding Judge.

The appellant, a customer in appellee's store, fell while descending a flight of steps. Her action for personal injury resulted in a verdict for the defendant from which she appeals.

1. "Evidence is presumed to be admissible unless some objection is made which shows the contrary." *Atlas Auto Fin. Co. v. Atkins,* 79 Ga. App. 91, 98 (53 SE2d 171) (1949). Where part of a conversation, document or transaction has been admitted in evidence it is generally held that so much of the remainder of it as may be relevant may be brought out by the opposite party. *Owens v. Shugart,* 61 Ga. App. 177 (2) (6 SE2d 121) (1939). And,

under the doctrine of curative admissibility, it is frequently held that where otherwise inadmissible evidence has been admitted in behalf of one party, similar evidence may be admitted to rebut it. Cf. State v. Crissman, 31 Ohio App. 2d 170 (287 NE2d 642). Here an employee of the defendant was asked on cross examination whether he knew of anyone else falling on the steps and replied, "I believe about three years ago it was a lady fell . . . at the bottom." During the direct examination which followed he was reminded of his statement and asked, "Did you talk to that lady?" to which he replied over objection that he asked her if she was hurt and she replied no and that it was her fault, her shoe heel broke.

The obvious intent of the original question was to establish that another person had fallen on the same steps, and thus perhaps give rise to an inference that the method of construction (which later testimony established to be obsolete) was dangerous. But such an inference might be short-lived if it appeared from the same testimony that the victim blamed herself and not the steps for her fall. Normally evidence of other occurrences and accidents at approximately the same place is not admissible. *City of Augusta v. Hafers,* 61 Ga. 48 (1878); *Cox v. Norris,* 70 Ga. App. 580 (28 SE2d 888) (1944); *Gahring v. Barron,* 108 Ga. App. 530 (133 SE2d 389) (1963). Where, as here, evidence of the prior accident was introduced by the opposite party, the immediate reaction of the person involved was relevant to explain the incident. It was not error to overrule an objection based on the contention that the statement was hearsay, since the issue was not so much the truth or falsity of the explanation as the fact that it was made under the circumstances described.

2. The stairs in question had been built over forty years previously and did not meet the standards of the Southern Building Code, which the City of Elberton had adopted by ordinance. They were consequently legal as a nonconforming use. This being so, it was not error to reject the proffered city ordinance, and this is all the more true since the Building Code itself was allowed in evidence, along with testimony as to the manner in which the

construction of this stairway varied from present day accepted practices. This would meet the standard of *Tyson v. Shoemaker,* 208 Ga. 28 (65 SE2d 163) (1951) where it was held that an illegally placed stop sign, while not relevant on the issue of negligence per se, might still be relevant to a standard of care failure to observe which would amount to common law negligence. *Isom v. Schettino,* 129 Ga. App. 73 (199 SE2d 89) (1973) holds nothing to the contrary of the ruling here, as the jury were given evidence of standards presently in use but not of a city ordinance which did not apply to this stairway.

3. The verdict for the defendant effectively ended the deliberations of the jury, as it was a finding that the defendant had not been negligent in the construction or maintenance of the stairs. The recharge clarifying certain prior language of the court in regard to this rule was not error, and the verdict renders any error in the instructions on damages harmless. *Reliford v. Central of Ga. R. Co.,* 140 Ga. App. 782, 783 (232 SE2d 129) (1976). Enumerations 3, 4 and 7 are without merit.

4. Complaint is made of the court's refusal of two requested charges: "An invitee is not bound to inspect the premises of another to discover hidden defects nor even to observe all apparent defects," and "When an invitee comes on premises of another she is not under a duty as a matter of law to discover apparent defects and she may rely upon the duty of the occupier to keep the premises safe." These instructions were given and approved in the cases of *Misenhamer v. Pharr,* 99 Ga. App. 163 (1) (107 SE2d 875) (1959) and *Cooper v. Anderson,* 96 Ga. App. 800, 810 (101 SE2d 770) (1957), and the rulings adhered to in *Winn-Dixie Stores v. Hardy,* 138 Ga. App. 342 (226 SE2d 142) (1976). We find nothing in the present case to take these instructions out of the rule there laid down. Their omission would certainly not be error in the absence of a request, but where the request is made, where its subject matter is pertinent and material, and where it is not substantially covered in the charge as given, the omission is error. We recognize that this is not true where the requested material is given in substance. *Pollard v. State,* 236 Ga. 587 (224 SE2d 420) (1976). However, we have been directed to no portion of the jury instructions

bearing on the subject of these requests, for which reason Enumerations 5 and 6 require a reversal of this case.

*Judgment reversed and remanded for new trial. Webb and Banke, JJ., concur.*

ARGUED SEPTEMBER 11, 1978 — DECIDED OCTOBER 2, 1978 — REHEARING DENIED OCTOBER 18, 1978.

*Smith & Shiver, Thomas F. Hodges, III, Truett Smith,* for appellant.

*Erwin, Epting, Gibson & McLeod, E. Davison Burch,* for appellee.