{¶ 1} This timely appeal comes for consideration upon the record in the trial court and appellant's brief and oral argument to this court. Appellant State of Ohio appeals the decision of the Harrison County Court of Common Pleas judgment granting Appellee, Tim Mullins' motion requesting that the transcripts of the grand jury that indicted him be disclosed. For the following reasons, we conclude the trial court abused its discretion because Mullins failed to offer evidence establishing a particular need for disclosure of the transcripts and reverse the decision of the trial court.
 {¶ 2} A Grand Jury indicted Mullins on one count of arson in violation of R.C. 2909.03(A)(2), a felony of the fourth degree. Mullins then filed a motion for the grand jury transcripts. At the hearing two days later, the trial court heard arguments from both the State and counsel for Mullins. Although he did not take the stand, Mullins did submit an affidavit stating the basis for his motion.
 {¶ 3} Essentially, the affidavit claimed Mullins had been selectively and vindictively prosecuted for arson based mainly on the fact that Mullins' insurance agent, Richard Milleson had just received a light sentence for a hunting accident. More specifically, Milleson negligently shot the fire chief, Jeff Matthews, while hunting on Milleson's family farm. Milleson allegedly received a $250 fine, 40 hours of community service, and the loss of hunting privileges for two years. It appears Mullins is suggesting his insurance agent received a lighter sentence in exchange for denying Mullins' insurance claim after Mullins' home burned down. Mullins claims, as a result of having a black child, he has been the victim of several hate crimes that have not yet been investigated. He suggests the non-payment of his insurance claim is another way of attempting to run him and his family out of town.
 {¶ 4} The State sought to cross-examine Mullins on these allegations but the trial court denied this request. Based solely on the allegations made in his affidavit, the trial court granted Mullins motion to disclose the grand jury transcripts.
 {¶ 5} The State then moved for leave to appeal that decision based on App.R. 5(B) and R.C. 2945.67 in addition to filing a notice of appeal and brief in support within the prescribed thirty days. The Supreme Court of Ohio approved a request for recusal of the trial judge, Steven Ray Karto, in response to the State's claim he was biased in this case. The Supreme Court then appointed a visiting judge. On October 15, 2001, this court granted the state leave to file this appeal.
 {¶ 6} In its first assignment of error, the State asserts: "The trial judge failed to issue findings of fact and conclusions of law in his entry as required by Ohio law." However, we need not reach its merits as our resolution of the State's second assignment of error is dispositive of this appeal. App.R. 12 (A)(1)(c).
 {¶ 7} The State contends: "The trial judge abused his discretion by violating the secrecy of a grand jury proceeding by finding a particularized need absent a credible basis in law."
 {¶ 8} The State claims, and we agree, the reason given by Mullins necessitating his review of the grand jury transcripts does not constitute a particularized need. Specifically, counsel for Mullins explained the basis for Mullins request:
 {¶ 9} "My client, if you look at the way this thing transpired, this doesn't pass the smell test. We're looking for fair treatment, we're looking for an even playing field here. That's all we want. We want assurance from the very earliest part. * * * About the only way I can do that is to take a look at the grand jury minutes. * * *." (Tr.p 25)
 {¶ 10} Counsel continued to explain that Mullins: 1) never received a preliminary hearing; 2) never had an opportunity to cross-examine the witnesses against him; and, 3) was never able to confront his accusers. Counsel then stated that if Mullins chose not to waive a preliminary hearing, the State must put on evidence before a case can be bound over to a grand jury. The State immediately objected to counsel's misstatement of the law, reasoning Mullins was not entitled to cross-examination at a preliminary hearing. Further, the State correctly explained Mullins had no constitutional right to a preliminary hearing. The only purpose of a preliminary hearing is to determine whether sufficient facts exist to warrant the court in binding the accused over to the grand jury and to set bail, and once an indictment has been returned by the grand jury a preliminary hearing before a magistrate is no longer necessary. State v. Minamyer (1967), 12 Ohio St.2d 67,232 N.E.2d 401, 41 O.O.2d 282.
 {¶ 11} In response to the State's recitation of the law, Mullins' counsel countered, "What better way to have a selective or vindictive prosecution than to avoid an initial confrontation on this matter." Mullins counsel, without Mullins' ever taking the stand, detailed the accusations listed in Mullins' affidavit. More specifically, counsel explained the prosecutor has chosen not to prosecute several other people for various crimes but elected to prosecute Mullins' for arson. He claims it was too much of a coincidence that Mullins' insurance adjuster was not charged with a felony after the shooting incident and then shortly after, Mullins was denied his insurance claim and charged with arson. Mullins similarly complained that he had reported several hate crimes to the police that were never investigated.
 {¶ 12} In greater detail, Mullins' counsel argued:
 {¶ 13} "Now, May 2nd, what seems to me to be a lot of favoritism going on with Mr. Milleson; I mean that's the way it looks; that's the way I gotta call it. Then a speedy indictment of my client a couple days after the fire insurance claim is denied. Wait a minute. It's a little too cozy. I've gotta look at these minutes. I've gotta see if there was any evidence. I've gotta see what Mr. Puskarich [the prosecutor] made to the grand jury to convince those people even in the absence of an attorney to return that indictment. * * * I don't think there was much to support this indictment. I think otherwise it would have been aired publicly." (Tr. pp. 31, 32)
 {¶ 14} It is well-settled that grand jury proceedings are secret. An accused is not entitled to inspect grand jury transcripts unless the ends of justice require it and the defendant demonstrates a particularized need for disclosure which outweighs the need for secrecy of the proceedings. State v. Greer (1981), 66 Ohio St.2d 139, paragraph two of the syllabus; CrimR. 6(E). A particularized need exists where the surrounding circumstances reveal a probability that the failure to disclose the grand jury testimony will deny the defendant a fair trial.Greer, 66 Ohio St.2d at paragraph three of the syllabus. The determination of whether the defendant has shown the requisite particularized need is a matter left to the sound discretion of the trial court. Id. at paragraph one of the syllabus.
 {¶ 15} When a defendant speculates that grand jury testimony might contain material evidence or might aid his cross-examination by revealing contradictions or inconsistencies, a trial court does not abuse its discretion by finding the defendant has not shown a particularized need.State v. Mack (1995), 73 Ohio St.3d 502, 508; State v. Webb (1994),70 Ohio St.3d 325, 337. These arguments could be made in every case and if the use of grand jury testimony were permitted for such reasons, virtually all grand jury testimony would be subject to disclosure. Webb
at 337; State v. Cherry (1995), 107 Ohio App.3d 476, 479.
 {¶ 16} Likewise, in State v. Davis (1988), 38 Ohio St.3d 361,528 N.E.2d 925, the Supreme Court held that attacking the indictment on the basis of inadequate or incompetent evidence does not demonstrate a particularized need to inspect grand jury testimony. "[A]n indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence * * *." United States v. Calandra (1974), 414 U.S. 338, 344-345.
 {¶ 17} In Costello v. United States (1956), 350 U.S. 359, 363,76 S.Ct. 406, 408, 100 L.Ed. 397, the United States Supreme Court explained:
 {¶ 18} "In Holt v. United States, 218 U.S. 245, 31 S.Ct. 2, 4, 54 L.Ed. 1021, this Court had to decide whether an indictment should be quashed because supported in part by incompetent evidence. Aside from the incompetent evidence `there was very little evidence against the accused.' The Court refused to hold that such an indictment should be quashed, pointing out that `the abuses of criminal practice would be enhanced if indictments could be upset on such a ground.' 218 U.S. at page 248, 31 S.Ct. at page 4. The same thing is true where as here all the evidence before the grand jury was in the nature of `hearsay.' If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment. An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more." Id.
 {¶ 19} Accordingly, we find Mullins' allegation he has been selectively prosecuted clearly does not necessitate the production of the grand jury transcripts by the trial court. Moreover, we conclude Mullins would not be denied a remedy if his allegations are in fact true. Mullins could easily make a claim of selective prosecution at trial, which appears to be the more appropriate time to raise these types of allegations. See State v. Flynt (1980), 63 Ohio St.2d 132, 407 N.E.2d 15;State v. Freeman (1985), 20 Ohio St.3d 55, 485 N.E.2d 1043.
 {¶ 20} Because the trial court had no basis for granting Mullins' motion to disclose the grand jury transcripts, we find the trial court abused its discretion, and we reverse the judgment of the trial court.
Donofrio, J., concurs.
Waite, J., concurs.