OPINION
{¶ 1} Defendant-appellant, Kenneth Jay Wilson, appeals an order of the Clinton County Common Pleas Court denying his motion for enforcement of his plea bargain agreement. For the reasons that follow, we affirm the lower court's decision.
 {¶ 2} As part of a 1989 plea agreement, appellant pled guilty to charges of unauthorized use of a motor vehicle and attempted aggravated arson. In an entry accepting guilty plea signed by appellant, appellant indicated that he understood he could be sentenced to "a definite term of six months, one year or one and one-half years * * * [and] a [sic] indefinite term of not less than three, four, five, six, seven, eight, nor more than 15 years[.]" The trial court sentenced appellant to concurrent terms of 18 months and five to 15 years on the two charges and ordered the sentences to be served consecutive to another 18-month sentence in an unrelated case.
 {¶ 3} Appellant now claims his plea agreement was violated when the Ohio Adult Parole Authority continued appellant's sentence for an additional 22 months and required appellant to obtain and maintain a closed security status before he may be paroled.
 {¶ 4} Appellant presents two assignments of error on appeal, in which he essentially argues that the trial court erred by denying his motion to enforce his plea agreement.
 {¶ 5} We begin by noting that appellant has previously applied for, and been denied, postconviction relief based upon alleged deficiencies in the acceptance of his plea. See State v. Wilson (June 25, 2001), Clinton App. No. CA99-11-032.
 {¶ 6} Appellant cites State ex rel. Seikbert v. Wilkinson,69 Ohio St.3d 489, 1994-Ohio-39, for the proposition that he has "an adequate legal remedy to rectify any alleged breach of [a] plea agreement by filing a motion with a sentencing court to * * * specifically enforce the agreement." Id. at 491. True enough. However, appellant is asking the trial court to override the adult parole authority's decisions relative to parole. As a general rule, a trial court does not have authority to tamper with discretionary orders of the adult parole authority. State v.Dickens (1987), 41 Ohio App.3d 354. An individual's eligibility for parole is within the discretion of the adult parole authority. State v.Packer (1969), 16 Ohio App.2d 171.
 {¶ 7} Quite simply, appellant is turning to the trial court because he is unhappy with the decisions of the adult parole authority. It appears that the plea agreement was fully complied with when appellant entered pleas to two charges, had two additional charges dismissed, and was given a sentence commensurate with the charges to which he entered guilty pleas. Moreover, appellant previously litigated issues regarding the validity of his plea. As such, any additional consideration of these issues in a postconviction setting is barred by res judicata. State v.Reynolds, 79 Ohio St.3d 158, 1997-Ohio-304.
 {¶ 8} Appellant's assignments of error are without merit and are hereby overruled.
Judgment affirmed.
YOUNG and WALSH, JJ., concur.